Barnett *v.* Bryce Furnace Co.

---

BARNETT ET AL. *v.* THE BRYCE FURNACE COMPANY.

[No. 3,755. Filed December 12, 1901.]

APPEALS.—*Transfer of Cause From Appellate Court.*—Under subdivision 2 of §10 of the act of March 12, 1901, concerning appeals, the losing party in the Appellate Court, may have his cause transferred to the Supreme Court when the opinion contravenes a ruling precedent, or involves an erroneous decision of a new question, but a transfer will not be granted on the ground that the Appellate Court has misapprehended or misstated the facts as disclosed by the record.

Application for transfer from Appellate Court. A judgment for defendant was affirmed, on appeal, by the Appellate Court, and plaintiff made application for transfer of the cause to the Supreme Court. *Transfer denied.*

*G. W. Holman* and *R. C. Stephenson,* for appellants.
*I. Conner, J. Rowley* and *J. H. Bibler,* for appellee.

Baker, J.—In the second subdivision of section ten of an act concerning appeals (Acts 1901, p. 567, §1337j Burns 1901, §6565f Horner 1901) it is provided that the losing party in the Appellate Court may file in the Supreme Court an application for the transfer of the case to the Supreme Court "on the ground that the opinion of the Appellate Court contravenes a ruling precedent of the Supreme Court or that a new question of law is directly involved and was decided erroneously". The judgment of the trial court was affirmed by the Appellate Court. *Barnett* v. *Bryce Furnace Co.,* 28 Ind. App. ——. Appellants have duly filed their application for transfer, and have assigned both of the grounds named in subdivision two of section ten of the statute. We find that the *opinion* of the Appellate Court neither contravenes any ruling precedent of this court nor involves a new question of law which has been decided erroneously. Appellants claim that a study of the record would disclose to us that the wrong result has been reached by the Appellate Court. If this is so, it must be due to a misapprehension or misstatement of the record by the Appellate Court. The plain purpose of the subdivision in question, however, was not to give this court jurisdiction to determine whether the facts in cases which are not appealable here as a matter of right have been correctly understood and stated by the Appellate Court, but to authorize this court to control the declaration of legal principles. Prior to the enactment of the law of 1901, the statute in force professed to bind parties, in causes within the jurisdiction of the Appellate Court, by that court's holding upon the law as well as upon the facts. To overcome the existence, or obviate the possibility, of con-

flict between the Supreme and Appellate Courts in their respective pronouncements of the law, was the object to be attained by subdivision two of section ten. Subdivision three of that section provides for appeals from the Appellate Court to this court in certain cases as a matter of right. In a case of that class the whole record comes here and the cause stands for adjudication as if it had been appealed to this court in the first instance. If the legislature had intended that every case decided by the Appellate Court should be reviewable in that way, the clear distinctions that exist between subdivisions two and three of section ten would not have been made.

The application is denied.