## KLEIN v. NUGENT GRAVEL COMPANY.

[No. 20,368.    Filed April 21, 1904.]

MUNICIPAL CORPORATIONS.—*Street Improvements.*— *When Only Part Width of Street is Improved.*—*Assessments.*—Under ₰₰4290, 4293 Burns 1901, assessments for a street improvement should be made against lands abutting both sides of the street improved, though the improvement is only part of the width of the street.  *pp. 509–516.*

SAME.—*Street Improvement.*—*Improvement of Part Width of Street.*—*Assessments.*—The assessment of the entire cost of the improvement of part of the width of a street against the lands immediately bordering the improved portion, omitting the property abutting the opposite side of the street, is void, and subject to collateral attack.  *pp. 509–516.*

From Gibson Circuit Court; *O. M. Welborn,* Judge.

Action by the Nugent Gravel Company against Anthony J. Klein.    From a judgment for plaintiff, defendant appeals.    Transferred from Appellate Court, under subdivision 2, §1337j Burns 1901.    *Reversed.*

*W. W. Ireland* and *William Reister,* for appellant

*J. G. Owen* and *G. K. Denton,* for appellee.

JORDAN, J.—This cause was originally appealed to and decided by the second division of the Appellate Court, and was transferred under the provisions of the second subdivision of §1337j Burns 1901, on the ground that the opinion contravened a ruling precedent of the Supreme Court.    As preliminary, it may be stated that the transfer was not ordered because we believed that, under the facts stated in the opinion of the Appellate Court, the judgment of reversal was not a correct result, but for the reason that some of the declarations or statements of legal principles contained in the court's opinion leading up to the ultimate conclusion contradicted ruling precedents or decisions of

the Supreme Court. Especially may this be said to be true in respect to the holding in *Adams* v. *City of Shelbyville,* 154 Ind. 467, 49 L. R. A. 797, 77 Am. St. 484. The very object of the statute under which transfers from the Appellate to the Supreme Court are authorized upon application of the losing party is to enable the Supreme Court, when necessary, to control the statements or declarations of legal principles contained in the opinion of the Appellate Court in the particular case. *Barnett* v. *Bryce Furnace Co.,* 157 Ind. 572.

This case was successfully prosecuted in the lower court by appellee to foreclose a street assessment lien against the property of appellant, arising out of the improvement of a public street in the city of Evansville, Indiana, under the provisions of what is commonly known as the Barrett law.

The assignment of errors is based upon the overruling of appellant's demurrer to the complaint, and denying his motion for a new trial.

The facts disclosed by the complaint and established by the evidence are substantially as follows: The common council of the city of Evansville on the 10th day of February, 1890, by a resolution duly adopted, ordered that Water street be improved from Ingle street to Fulton avenue, a distance of four blocks. Water street runs east and west, and the abutting real estate situated on the south side thereof is adjacent to the Ohio river. The street is not of uniform width. From the east terminus, running west for a distance of two blocks, it is 100 feet wide. Along the third block it is forty feet wide, and along the fourth block the street varies from sixty to one hundred feet in width. The resolution or ordinance adopted by the council provided that a strip or part of the street twenty-eight feet wide on the north side thereof from the curb line should be improved. The sidewalk on the north side of the street is twelve feet wide, which, together with the twenty-eight feet of the roadway ordered improved, made

the improvement in question extend forty feet from the property line on the north side of the street, and left a strip sixty feet in width on the south side of said street along the first and second blocks unimproved.  A·strip of the street twenty to sixty feet in width, situated on the south side, along the fourth block, was also left unimproved. Or, in other words, the only part of the street which was improved, under the proceedings, the entire width thereof was along the third block, counting from the east.   Such steps appear to have been taken by the common council as resulted in a contract being let to appellee for making the improvement.

Among other things, the complaint avers and shows that upon the completion of the work by appellee, the city engineer, by the direction of the common council, made a final estimate of the total cost of the improvement, and filed his report, showing the following facts:   (1) That the total cost of the improvement was $5,901.10; (2) that the average cost per running front foot of the whole length of the part of the street improved was $4.25 (this average cost is shown to have been obtained by dividing the whole cost of the improvement by the length of the part of the street improved, which length was $1,388\frac{1}{2}$ feet); (3) the name of each person owning property abutting on that part or side of the street improved, the name of appellant being one of the property owners stated in the report; (4) the number of front feet owned by the respective property owners, the number of feet owned by appellant being 106; (5) the amount of the total cost of the improvement due on each lot and parcel of ground abutting or bordering on the part or side of the street improved, which amount is shown to have been estimated and fixed by multiplying the average cost price per running front foot by the number of running front feet of the several lots and parcels of ground respectively abutting on the north side of said Water street in the first, second, and fourth blocks from the east.   The amount

apportioned by the engineer in his report to each lineal foot of property situated on said north side along each of these blocks was $4.25. The property on the opposite side of the street along the first, second, and fourth blocks, which did not immediately abut on the strip improved, was not assessed for the cost of the improvement. In the third block from the east, the abutting property on both sides of the street was assessed.

The amount of the assessment for each foot of the several pieces of property in this block was obtained by multiplying the whole number of running front feet of each lot or parcel of ground on each side of the street for the entire length of the improvement by one-half the cost per running foot, or, in other words, the assessment made per running foot on the abutting property on each side of the street in this block was $2.12½, or one-half of $4.25, obtained in the manner hereinbefore stated. Appellant's property, as is shown, is situated on the north side of the street, in the first block from the east, fronting on said improvement, and the amount assessed against his property was estimated and arrived at by multiplying the number of front feet on that side owned by him, to wit, 106, by $4.25, which made the amount of his assessment $450.50; being the amount, together with interest and attorney's fees, sought to be recovered in this action. The report set forth a full description, together with the owner's name, of each lot and parcel of ground abutting immediately or bordering upon the strip or part of the street improved.

The report of the engineer, containing the above facts, was presented to the council, and, after giving the required notice in regard to a hearing thereon, it accepted, approved, and concurred in the said report, and assessed against the property of appellant $4.25, the amount per foot as estimated and apportioned by the engineer in his report; and this amount was declared by the council to be the assessment against his property and other lots abutting

on the north side of said street along blocks one, two, and four from the east. By the resolution under which the council ordered the improvement in question, it was provided "that the abutting real estate owners each be assessed and required to pay for all costs of said improvement in their proportion." In adopting and concurring in the report of the engineer, the common council made the estimate or assessment therein reported by the engineer its own assessment, and, under the circumstances, it must be considered as the act of the common council. *Leeds* v. *Defrees,* 157 Ind. 392.

Section three of the Barrett law, which is embraced in §4290 Burns 1901, provides that the cost of any street or alley improvement shall be ascertained according to the whole length of the street or alley, or the part thereof to be improved, per running foot, and the owners of lots or parts of lots bordering on such street or alley, or the part thereof to be improved, shall be liable to the city for their proportion of the cost in the ratio of the front line of their lots to the whole improvement line for street and alley improvements. Section 4293 Burns 1901 provides that when any such improvement has been made and completed according to the terms of the contract, the common council of such city shall cause a final estimate of the cost thereof to be made by the city engineer, and shall require him to report to it the following facts touching such improvement: "First. The total cost of said improvement. Second. The average cost per running front foot of the whole length of that part of the street or alley so improved. Third. The name of each property owner on that part of the street or alley so improved. Fourth. The number of front feet owned by the respective property owners on that part of said street so improved. Fifth. The amount of such cost for improvement due upon each lot or parcel of ground bordering on said street or alley, which amount shall be ascer-

tained and fixed by multiplying the average cost price per running front foot by the number of running front feet of the several lots or parcels of ground respectively. Sixth. The full description, together with the owner's name, of each lot or parcel of ground *bordering on said street so improved."* (Our italics.)

It is manifest, from the facts herein, that the engineer, in making his report to the council, disregarded in several respects the material provisions of §4293, *supra.* The engineer in his report, as well as the common council in approving and concurring therein, seems to have proceeded upon the theory that, under the circumstances, the property abutting on the south side of Water street, in the first, second, and fourth blocks from the eastern terminus of the improvement, was not subject or liable, under the law, to any assessment whatever for the cost of the improvement, for the reason that such property did not immediately abut or border upon the strip or part of the street improved on the north side. Upon this theory or assumption, the assessment made and reported to the council by the engineer, and concurred in by that body, was limited or confined for the entire length of the three blocks in question to the abutting property on the north side of the street, being the property which abutted immediately on the improved strip. It is evident that the council, by the method adopted in making the assessment, did not even attempt to comply with the requirements of §§4290, 4293, *supra.* The council by its act in approving and adopting the assessment reported by the engineer, in effect, arbitrarily fixed a taxing district other than that prescribed by the statute. It is certainly evident that this action of the council was beyond the power conferred upon it by the statute, and therefore was illegal and void, and hence is open to a collateral attack. *Adams* v. *City of Shelbyville,* 154 Ind. 467, 49 L. R. A. 797, 77 Am. St. 484; *Boyce* v. *Tuhey,* 163 Ind. —.

The engineer instead of reporting correctly to the coun-

cil, as the law exacted, the entire frontage or running front feet on both sides of the street within the line of the improvement, reported only the frontage on the north side, which, as shown, was 1,388½ feet. It is manifest if this constitutes the whole number of running front feet along the north side of the street for the entire length of the improvement, that the total frontage on both sides would be 2,777 feet, or double the number reported by the engineer. Consequently, under these circumstances, the average cost per running front foot of the total amount of the cost of the improvement would not be $4.25, as reported, but would be only about one-half that amount. In fact, it is shown by the report that all the abutting property on both sides of the street for the length of one block was assessed at $2.12½ per running front foot, instead of $4.25, as assessed against the property of appellant. If the assessment in question be tested by the *prima facie* rule or standard provided under the provisions of the Barrett law, as recognized by the decisions of this court, for measuring in the first instance the special benefits received by all the abutting property on both sides of the street along the line of the improvement, it is evident that the assessment as made is not in accordance with the requirements of the statute. *Adams* v. *City of Shelbyville, supra; Hibben* v. *Smith,* 158 Ind. 206.

It is clear that the method or mode adopted in making the assessment resulted in subjecting the property of appellant to an illegal assessment and burden. The question presented is not one of a mere irregularity upon the part of the engineer and common council in attempting to comply with the law, as it appears that no attempt was made to comply with the positive requirements of the statute. The facts present a case in which the council is clearly shown to have exceeded the power or authority with which it was invested. Its authority to levy an assessment against the property of appellant for the cost of the improvement

was strictly statutory, and in making it no other method than that prescribed by the statute could be legally adopted. In fact, it was only by reason of the authority or power conferred by the statute upon the common council of the city of Evansville that it had any right in the particular case to levy an assessment and fasten a lien against the property of appellant. Such statutory power is to be strictly construed, and before appellee could successfully enforce his lien in this action he would be required to show that the assessment upon which it is based was made within the power of the council. *Niklaus* v. *Conkling,* 118 Ind. 289, and cases cited; *Barber Asphalt Pav. Co.* v. *Edgerton,* 125 Ind. 455, and cases cited; *Indianapolis, etc., R. Co.* v. *Capital Pav., etc., Co.,* 24 Ind. App. 114; Elliott, Roads and Sts. (2d ed.), §§545, 549.

The fact that a part in width only of the roadway of the street was improved would not, under the law, exempt from the assessment of benefits the abutting property on the south side for the distance of three blocks, as shown, merely because such property did not immediately border on the improved strip. *Indianapolis, etc., R. Co.* v. *Capitol Pav., etc., Co., Supra; City of Muscatine* v. *Chicago, etc., R. Co.,* 88 Iowa 291, 55 N. W. 100; *Morrison* v. *Hershire,* 32 Iowa 271.

The assessment in this case is the very foundation of the action. It is shown to be absolutely void for the reason, as stated, that the common council, in making it, exceeded its statutory power or authority; consequently no action thereon can be maintained by appellee. It may be suggested, however, that, under the circumstances, the proceedings of the common council in the matter of the improvement stand as though no assessment had been made against the property of appellant.

The judgment is reversed, and the cause remanded to the lower court, with directions to grant appellant a new trial and sustain the demurrer to the complaint.