City of Huntington *v.* Lusch.

## City of Huntington *v.* Lusch.

[No. 4,705. Filed July 1, 1904.]

**Appellate Court.**—*Decision Contravening Precedent of Supreme Court.*— *Petition for Transfer.*—*Questions Presented.*—Where a petition to transfer a case from the Appellate Court to the Supreme Court is filed under subdivision 2, §1337j Burns 1901, providing that when "the opinion of said division of the Appellate Court contravenes a ruling precedent of the Supreme Court, or that a new question of law is directly involved and was decided erroneously," said petition alleging both grounds as a reason for transfer, the opinion of the court is all that will be considered, and if its pronouncement of the law is not contrary to the rulings of the Supreme Court upon the specific matters alleged in the petition to transfer, such petition will be denied.   *p. 267.*

**Same.**—*Instructions to Jury.*—*Petition to Transfer.*—Where the specific charge is that the Appellate Court upheld the trial court in its refusal to give certain instructions to the jury, and the opinion of the Appellate Court shows that by "comparing the instructions given with each other, and considering these instructions as a whole, we find that the court fairly presented the case to the jury, and in its instructions sufficiently covered the pertinent and correct instructions which were rejected," no question is presented for such transfer, since no specific ruling was made in such opinion on such questions.   *p. 267.*

From Huntington Circuit Court; *J. C. Branyan,* Judge.

Action by John Lusch against the city of Huntington for damages for personal injuries and death of his horse. From a judgment on a verdict for $400, the defendant appealed to the Appellate Court. From a judgment of the Appellate Court (33 Ind. App. 476) defendant files his petition for a transfer to the Supreme Court under subdivision 2, §1337j Burns 1901.   *Transfer denied.*

*U. S. Lesh* and *Eben Lesh,* for appellant.
*C. W. Watkins* and *H. C. Morgan,* for appellee.

City of Huntington *v.* Lusch.

JORDAN, C. J.—Appellant petitions for a transfer of this cause from the first division of the Appellate Court, under the provisions of the second subdivision of §1337j Burns 1901. The general grounds assigned in the petition are (1) that the opinion of the Appellate Court contravenes a ruling precedent of the Supreme Court; (2) that a new question of law is involved, which has been erroneously decided by the Appellate Court. The specific reasons stated in the petition in support of the general grounds relate to the holding of the Appellate Court in sustaining the trial court in refusing to give to the jury, over the appellant's request, certain special instructions.

An inspection of the court's opinion in this case discloses that no question for our decision is presented upon the specific reasons or points assigned in the petition, because none of the instructions given or refused is set out in the opinion at length or in substance. The only mention in the opinion in respect to instructions is the following: "It is claimed that the court erred in some of its instructions to the jury, and in rejecting a number of instructions proposed by the appellant. Upon comparing the instructions given with each other, and considering these instructions as a whole, we find that the court fairly presented the case to the jury, and in its instructions sufficiently covered the pertinent and correct instructions which were rejected." See *City of Huntington* v. *Lusch* (1904), 33 Ind. App. 476, for the opinion in full. Under this mere statement in regard to the instructions it is evident that we are not in a position to determine the questions which the petitioner herein seeks to present. The rule is settled that in an application to transfer a cause decided by the Appellate Court to the Supreme Court under the provisions of the above statute we are not authorized to examine the record in order to decide whether the reasons assigned for the transfer are sustained, but we look to and examine only the opinion of the court in the determination

of that question. *Craig* v. *Bennett* (1901), 158 Ind. 9; *Barnett* v. *Bryce Furnace Co.* (1901), 157 Ind. 572. We are confined alone to the opinion of the Appellate Court in such cases, and must accept the statements therein relative to the record and the facts in the particular case as correct.

The object or purpose of the law providing for transfer of cases decided by the Appellate Court to the Supreme Court is to enable the latter to control the statements or declarations of legal principles as contained in the opinion in the particular case. *Klein* v. *Nugent Gravel Co.* (1904), 162 Ind. 509; *Barnett* v. *Bryce Furnace Co., supra.*

By denying a petition to transfer under the statute in question such ruling of this court can not in effect be held as approving or affirming generally all legal principles as the same are stated or declared in the opinion of the Appellate Court, but the effect is to deny that such opinion is wrong in respect to the specific reasons assigned in the petition for transfer.

For the reasons stated the petition herein is denied.