## AMERICAN QUARRIES COMPANY *v.* LAY.

[Appellate Court No. 5,009.     Filed January 2, 1906.     Rehearing
denied February 23, 1906.]

1.  APPEAL AND ERROR.—*Transfer from Appellate Court.—Petition.—Grounds.*—A petition for the transfer of a case from the
    Appellate Court to the Supreme, under subd. 2, §1337j Burns
    1901, Acts 1901, p. 565, §10, assigning as a reason therefor that
    there was "error in the decision of said cause in the Appellate
    Court," is insufficient.  p. 235.

2.  SAME.—*Transfer from Appellate Court.—Record Not Considered.—Decision.*—On a petition for the transfer of a cause from
    the Appellate Court, the Supreme Court will look only to the
    decision of the Appellate Court, and not to the record.  p. 235.

3.  SAME.—*Transfer from Appellate Court.—Ruling Precedent.*—
    A petition for the transfer of a cause from the Appellate Court
    to the Supreme must state with particularity the grounds therefor, and if a ruling precedent has been disregarded, such precedent should be stated.  p. 235.

4.  SAME.—*Transfer from Appellate Court.—New Question of
    Law Erroneously Decided.*—Where a transfer from the Appellate Court to the Supreme is asked because a new principle of
    law has been decided erroneously, such principle should be set
    out particularly; and a citation of authorities thereon is advisable.  p. 236.

5.  SAME.—*Transfer from Appellate Court.—Petition.—Briefs.*—
    The filing of a brief by a party who petitions for a transfer of a
    case from the Appellate Court to the Supreme, is optional with
    such party.  p. 236.

From Lawrence Circuit Court; *James B. Wilson,* Judge.

Action by James Lay against the American Quarries
Company. From a decision of the Appellate Court (37
Ind. App. 386) affirming a judgment on a verdict for
plaintiff for $4,500, defendant petitions to transfer said
cause to the Supreme Court under subd. 2, §1337j Burns
1901, Acts 1901, p. 565, §10. *Petition denied.*

*E. C. Field, H. R. Kurrie* and *John H. Underwood,* for
appellant.

*John H. Edwards* and *Henry P. Pearson,* for appellee.

JORDAN, J.—This cause having been decided by the Appellate Court adversely to appellant, the latter has filed a petition praying the transfer thereof to the Supreme Court.

The petition or application, omitting the formal parts, is as follows: "The appellant in the above cause hereby petitions for the transfer of said cause to the

1. Supreme Court of the State of Indiana, on account of error in the decision of said cause in the Appellate Court." Section 1337j Burns 1901, cl. 2, Acts 1901, p. 565, §10, provides that "said party may * * * file in the Supreme Court an application for the transfer of the case to the Supreme Court on the ground that the opinion of said division of the Appellate Court contravenes a ruling precedent of the Supreme Court, or that a new question of law is directly involved and was decided erroneously. The application shall state with particularity the ground or grounds relied on." It is manifest that the petition or application in this case wholly fails to comply with the provisions of the above statute, for it states neither of the grounds therein provided for the transfer of a case, and for this reason alone the petition must be denied.

An application to remove a case under this statute does not perform the office of an appeal from the Appellate to the Supreme Court, and in considering such appli-

2. cations the latter court is not required or authorized by the statute in question to examine the record in the case in order to determine whether the ground or grounds stated in the petition or application are sustained. But in deciding this question the court is limited or confined to the written opinion of the Appellate Court given in the particular case. *City of Huntington* v. *Lusch* (1904), 163 Ind. 266, and cases cited.

It will be observed that the statute in question declares in express and positive language that "the application shall state with particularity the ground or grounds relied

3. on." This declaration or expression makes it evident that the legislature intended that the petitioner

should be required to state in his petition not only the general ground or grounds mentioned in the statute and relied upon for a transfer, but in addition thereto, under the first general ground, the application should state or give the particular ruling precedent or decision of the Supreme Court contravened by the opinion of the Appellate Court.

If the second ground, namely, that a new question of law is involved in the case and that such question was decided erroneously by the Appellate Court, is relied upon 4. for transferring the case, then in addition to such general statement of the ground the application should specifically or in particular state the new question of law which it is claimed is involved.

While we do not mean to hold that in addition to this particular statement the applicant is required under the statute in his petition to cite or give the authorities to establish that under the opinion of the Appellate Court such new question of law was decided erroneously, nevertheless a citation of or reference to authorities would certainly be helpful to and desirable by the court in determining the question. The interpretation which we have accorded to the statute in regard to the particular statement of the grounds relied upon for the transfer of a cause is a reasonable and correct exposition of its meaning. If the applicant complies with the requirements thereof, this court can, to an extent at least, be advised and aided by the application or petition in its efforts to determine whether the ground or grounds upon which a transfer is re- 5. quested are sustained. This is essential in view of the fact that there is no statute or rule of court which exacts of the applicant the duty of filing along with his application a brief in support thereof, that being a matter wholly optional with him.

Petitions to remove cases under the provisions of the statute in question have multiplied within the last year, and thereby the labors of the Supreme Court have been

greatly increased.  It can not in reason be asserted that the legislature intended that a petition to transfer a cause should be sufficient which merely stated the general ground or grounds for such transfer in the language of the statute, with nothing more in particular; for under such circumstances the Supreme Court would be required to search, unaided by the applicant or his counsel, in order to discover what particular ruling precedent or decision of that court was contravened by the opinion of the Appellate Court, or as to what particular new question of law is involved, and, under the opinion of the Appellate Court, was decided erroneously.  That such was not the intention of the legislature is apparent, in view of the positive declaration that the application shall state with particularity the ground or grounds relied upon by the applicant for the transfer.

Petition denied.