GRAND RAPIDS & INDIANA RAILWAY COMPANY ET
AL. v. RAILROAD COMMISSION OF INDIANA.

[No. 3. Railroad Commission. Filed October 23, 1906.]

1.   APPEAL AND ERROR.—*Transfer.*—*New Questions.*—*How Pre-sented.*—In a petition to transfer a cause from the Appellate to the Supreme Court on the ground that a new question of law was involved and decided erroneously, the Supreme Court will not search the record to ascertain such new question, but will look only to the decision of the Appellate Court for the facts and the application of the law thereto.   p. 216.

2.   SAME. — *Transfer.* — *Railroads.* — *Interlocking Devices.*—The decision of the Appellate Court that no appeal lies to such court, under the act of 1905 (Acts 1905, p. 83, §6), from an order of the railroad commission in relation to interlocking devices at a railroad crossing as provided by the act of 1897 (Acts 1897, p. 237), is correct.   p. 216.

3.   SAME.—*Appellate Court.*—*Constitutional Law.*—*Transfer.*—*Railroad Commission.*—No appeal lies to the Supreme Court from any order of the railroad commission.   p. 216.

4.   SAME.—*Transfer.*—*Want of Jurisdiction.*—An appeal taken from an order of the railroad commission to the Appellate Court, where no appeal lies to either the Appellate or Supreme Courts, will not be transferred to the Supreme Court.   p. 217.

From Railroad Commission of Indiana; *Union B. Hunt,* Chairman, *William J. Wood* and *Charles V. McAdams,* Commissioners.

Petition by the Chicago & Erie Railroad Company against the Grand Rapids & Indiana Railway Company and others. From an order of the Appellate Court (38 Ind. App. 657) dismissing an appeal by defendants, defendants petition for a transfer to the Supreme Court. *Petition denied.*

*G. E. Ross* and *J. H. Campbell,* for appellants.

*C. V. McAdams,* for appellee.

MONKS, J.—Appellants have filed a petition to reinstate the above-entitled cause on the docket of the Appellate Court and transfer the same to this Court.

It appears from the opinion of the first division of the Appellate Court that the Chicago & Erie Railroad Company filed with the railroad commission of this State a petition against the petitioner herein, under the act of 1897 (Acts 1897, p. 237, §§5158a-5158h Burns 1901), to require the construction, maintenance, and operation of an interlocking device at a crossing of said railroads. The railroad commission granted the relief prayed for in said petition, and this petitioner appealed therefrom to the Appellate Court, claiming the right so to appeal under section six of the railroad commission act (Acts 1905, p. 83, §5405f Burns 1905). The Appellate Court dismissed said appeal on the ground that no appeal from the action of the railroad commission was authorized by law in such a proceeding. *Grand Rapids, etc., R. Co.* v. *Railroad Com., etc.* (1906), 38 Ind. App. 657.

The petition for transfer sets out the assignment of errors in the Appellate Court, showing that the constitutionality of said railroad commission act was presented in said cause, and alleges: "And appellants aver that the order appealed from being in the form of a judgment, rendered by the Railroad Commission of Indiana, assuming to act judicially, and the questions involved being such that the Appellate Court has no jurisdiction to hear and determine said appeal, said court had no right to assume jurisdiction and to dismiss said appeal. And appellants further aver that this appeal involves, in addition to the question of the constitutionality of said law under which the Railroad Commission of Indiana assumed to act, and of the constitutionality of said order of said commission, the right and power of said Appellate Court to hear this appeal, which are new questions of law, and which have been, as appellants aver, erroneously decided by said Division No. 1 of said Appellate Court."

So far as said petition seeks a transfer of said cause on the ground that the Appellate Court in its opinion has

216 SUPREME COURT OF INDIANA,

Grand Rapids, etc., R. Co. *v.* Railroad Com., etc.—167 Ind. 214.

decided "new questions of law erroneously," that being a cause for transfer under clause 1, §1337j Burns 1901, Acts 1901, p. 565, §10 (if this case comes within the provisions thereof), we can only look to the opinion of the Appellate Court in the determination of that question. If that opinion contains a correct statement of the law as applied to the facts stated therein, the petition to transfer will be denied, regardless of the questions actually presented for determination by the record. *City of Huntington* v. *Lusch* (1904), 163 Ind. 266, and cases cited; *Craig* v. *Bennett* (1901), 158 Ind. 9; *Barnett* v. *Bryce Furnace Co.* (1901), 157 Ind. 572.

Looking to the opinion of said court dismissing said cause, the only question mentioned or decided therein is that there is no law authorizing an appeal from the action of the railroad commission to the Appellate Court, in a proceeding under the act of 1897 (Acts 1897, pp. 237-239, §§5158a-5158h Burns 1901), to require interlocking devices when "two or more railroads cross each other at grade." From an examination of the railroad commission act of 1905, *supra,* and the interlocking switch act, *supra,* we have no doubt of the correctness of the decision of said question by the Appellate Court. Whether said cause, if erroneously decided, would be transferable under any subdivision of said §1337j, we need not determine, but see §5405f, *supra.*

So far as said petition seeks an order of this court to reinstate said cause on the docket of the Appellate Court and transfer the same to this court, on the ground that the record in said case presented constitutional questions for decision, which questions said Appellate Court had no power or authority to decide, it is sufficient answer to say that there is no law authorizing an appeal from the action of the railroad commission in any case to this court, nor, as we have already shown, to the Appel-

late Court in this case. As no appeal to either 4. court is authorized by law in this case, this court has no authority to order a transfer of the same to this court.

The petition to transfer is therefore denied.