## IN RE AURORA GASLIGHT, COAL AND COKE COMPANY.

[Appellate Court No. 9,124.   Petition to transfer cause to
Supreme Court denied April 6, 1917.]

1. COURTS.—*Transferring Cause from Appellate Court.—Petition.— Sufficiency.— Showing Jurisdiction.— Statute.—* Under §1394 Burns 1914, Acts 1901 p. 565, providing that, in cases appealable to the Appellate Court, the losing party may file a petition to have the cause transferred to the Supreme Court within thirty days after his petition for a rehearing has been overruled, the petition to transfer is jurisdictional and must set forth such facts as are necessary to show that the petitioner has brought himself within the statute.  p. 690.

2. COURTS.—*Transferring Cause from Appellate Court.—Petition.—Sufficiency.—* On a petition to transfer a cause from the Appellate Court, filed under §1394 Burns 1914, Acts 1901 p. 565, the Supreme Court is precluded from examining the record in the case to determine the existence of a jurisdictional fact, but it must appear from the petition itself, as a condition precedent to the right to invoke the jurisdiction of the court to pass on such application, that the proper steps have been taken in the Appellate Court to secure a review of the rulings alleged to be erroneous.  p. 692.

From Dearborn Circuit Court; *Warren N. Hauck,* Judge.

In the matter of the assessment of the Aurora Gaslight, Coal and Coke Company.   Petition to transfer cause from the Appellate Court under §1394, cl. 2, Burns 1914.   *Petition denied.*

*McMullen & McMullens* and *A. C. Harris,* for appellant.

*Givan & Givan,* for appellee.

SPENCER, J.—It is provided in §1392 Burns 1914, Acts 1907 p. 237, that all appealable cases, except those expressly mentioned therein, shall be taken to the Appellate Court, and in §1394 Burns 1914, Acts 1901 p. 565, it is further provided that "the jurisdiction of the appellate court shall be final, except

under the following conditions: * * * *Second.* If a petition for a rehearing is filed by any losing party in any case in either of said divisions of the appellate court and said petition is overruled, the clerk of said court shall not certify the opinion and judgment in said case to the lower court until the expiration of thirty days from the date of said ruling. Said party may at any time within thirty days after his petition for a rehearing has been overruled file in the supreme court an application for the transfer of the case to the supreme court on the ground", etc. In view of the latter statute, this court, under proper circumstances, is authorized to review the decision of the Appellate Court in a cause which, in the first instance, is appealable only to the Appellate Court, but before the losing party may invoke such jurisdiction it is incumbent on him, within thirty days after his petition for a rehearing has been overruled by the Appellate Court, to file in this court a proper application for the transfer of such cause. This application is jurisdictional and must, therefore, set forth such facts as are necessary to show that the petitioner has brought himself within the statute. These facts are: (1) That the Appellate Court has decided the case, or some material part thereof, against the party who asks that the case be transferred, and has overruled a petition for a rehearing duly presented by such party; (2) that a written opinion was filed by the Appellate Court setting forth the reasons on which its judgment is based; (3) that such opinion contravenes a ruling precedent of this court, or erroneously decides a new question of law, either or both of which objections if desired to be presented must be particularly pointed out; and (4) that the petition for a rehearing and the application to transfer were each seasonably presented in accordance with the statutory direction.

As is said in *American Quarries Co.* v. *Lay* (1905),

166 Ind. 234, 235, 76 N. E. 517, 518: "An application to remove a case under this statute does not perform the office of an appeal from the Appellate to the Supreme Court, and in considering such applications the latter court is not required or authorized by the statute in question to examine the record in the case in order to determine whether the ground or grounds stated in the petition or application are sustained. But in deciding this question the court is limited or confined to the written opinion of the Appellate Court given in the particular case." See, also, *City of Huntington* v. *Lusch* (1904), 163 Ind. 266, 71 N. E. 647; *Craig* v. *Bennett* (1901), 158 Ind. 9, 62 N. E. 273; *Barnett* v. *Bryce Furnace Co.* (1901), 157 Ind. 572, 62 N. E. 6.

Similarly, we are precluded from examining the record in the case to determine what may properly be termed a jurisdictional fact. It must appear from the petition itself, as a condition precedent to the right to invoke the jurisdiction of this court to pass on such application, that the proper steps have been taken in the Appellate Court to secure a review of the rulings which are alleged to be erroneous. In the present case no attempt is made in the petition to transfer to set forth any of the facts above enumerated, except those which are grouped under the third heading, and the petition is therefore insufficient to vest this court with jurisdiction over the proceeding and must be denied.

We have taken occasion, however, to investigate the questions which appellant seeks to present and have reached the conclusion that a decision on the merits would lead to the same result. Petition denied.

NOTE.—Reported in 115 N. E. 673.