JULIAN ET AL. v. BLISS ET AL.

[Appellate Court No. 11,850.   Petition to transfer denied March 21, 1925.]

1. APPEAL.—On petition to transfer to Supreme Court from Appellate Court, only the opinion of the Appellate Court will be considered.—On a petition to transfer a case from the Appellate Court to the Supreme Court under §1357 Burns 1926, §1394, cl. 2, Burns 1914, the court is not authorized to examine the record to determine whether the reasons assigned for the transfer are sustained, but can only consider the opinion

of the Appellate Court and must accept the statements and facts therein as a correct exposition of the record.  p. 69.

2.  APPEAL.—*Petition to transfer from Appellate Court to Supreme Court is only for submission of legal principles.*—The object of a petition to transfer a case from the Appellate Court to the Supreme Court under §1394, cl. 2, Burns 1914, is to submit to the consideration of the Supreme Court certain legal principles declared in the opinion by the Appellate Court and not a review of the case on its merits.  p. 69.

3.  APPEAL.—*Petition to transfer to Supreme Court must show that the Appellate Court's opinion contravenes ruling precedents, or that a new question was erroneously decided.*—When the only disputed issue in the trial court was whether or not the deed involved therein had been delivered, and the Appellate Court's opinion called attention to evidence which it held sufficient to support the finding of the trial court, the Supreme Court must deny the petition, as the contention is not sustained that the opinion of the Appellate Court contravenes ruling precedents of the Supreme Court or that a new question of law was erroneously decided.  p. 70.

From Cass Circuit Court; *Paul M. Souder*, Judge.

Action between Sarah Julian and others and Edwards B. Bliss and others, appealed to the Appellate Court where the judgment was affirmed.  Appellants filed a petition for transfer to the Supreme Court.  *Petition denied.*

*Long & Yarlott,* for appellants.
*Kistler, Kistler & McHale,* for appellees.

MYERS, J.—Appellants petition for a transfer of this cause from the Appellate Court to this court, assigning as reasons therefor the two grounds mentioned 1, 2. in the statute.  Clause 2, §1357 Burns 1926, §1394 Burns 1914, Acts 1901 p. 565.  The specific reasons relied on by the petitions are:  (1) That the evidence set forth in the opinion does not justify the inference drawn therefrom by the Appellate Court, and hence that court's decision contravenes ruling precedents of the Supreme Court, citing, *Anderson* v. *Anderson* (1890), 126 Ind. 62, 67, and many other Indi-

ana cases; (2) that a new question of law was involved, presented and decided by the Appellate Court. On this point, petitioners request that we consider their original briefs, and their petition which purports to furnish additional evidence not found in the Appellate Court's opinion. The statute, *supra*, has been many times considered by this court, and the rule invariably followed is, that "we are not authorized to examine the record in order to decide whether the reasons assigned for the transfer are sustained," (*City of Huntington* v. *Lusch* [1904], 163 Ind. 266), but we must look to the face of the opinion and accept the statements and facts therein as a correct exposition of the record. *City of Huntington* v. *Lusch, supra*, and cases there cited. The object, then, of a petition to transfer is to submit to the consideration of the Supreme Court certain legal principles declared by the Appellate Court in a particular case upon the record furnished by the opinion, and not a review of the case upon its merits. *Grand Rapids, etc., R. Co.* v. *Railroad Comm., etc.* (1906), 167 Ind. 214; *In re Aurora Gaslight, etc., Co.* (1917), 186 Ind. 690.

The cases cited by petitioners all recognize the undoubted correct rule that either actual or constructive delivery of a deed by the grantor to the grantee, 3. with the intention of relinquishing all control over it, is an essential element of its validity as an instrument transferring title to real estate. In the instant case, it seems that the only disputed issue at the trial was whether or not the deed in question had been delivered. This was a mixed question of law and fact. The Appellate Court, in its opinion, calls attention to evidence which it held sufficient to support the finding of the trial court. Confining ourselves to the record as disclosed by the opinion which is challenged by the petitioners, we cannot say that the Appellate Court thereby contravened ruling precedents of this

court in the cases cited, or that it decided a new question of law erroneously.

⸂For the reasons thus briefly stated, the petition to transfer is denied.