GEORGE P. BAKER, ET AL. *v.* HERMAN FISHER, ET AL.

[No. 673S115. Filed June 12, 1973.]

*Harold Abrahamson, Kenneth D. Reed,* of Hammond, for appellants.

*Vitold Reey,* of Gary, *Herbert Fehner,* of Michigan City, for defendant.

*Richard A. Mayer, Spangler, Jennings, Spangler & Dougherty,* of Gary, for appellees; *Paul Huebner,* of Hammond, for appellee, Herman Fisher.

HUNTER, J.—We have before us a Petition to Transfer which fails to meet the requirements for a petition to transfer established in A.P. 11(B). The grounds for transfer are contained in A.P. 11(B)(2) which reads as follows:

"(2)  Errors upon which a petition to transfer shall be based may include:

(a)  that the decision of the Court of Appeals contravenes a ruling precedent of the Supreme Court, indicating the ruling precedent, or

(b)  that the decision of the Court of Appeals erroneously decides a new question of law, concisely stating the same, or

(c)  that there is a conflict in the decision with another decision of another district of the Court of Appeals stating concisely the conflict and decision in which it occurs, or

(d)  that the decision of the Court of Appeals correctly followed ruling precedent of the Supreme Court, but that such ruling precedent is erroneous or is in need of clarification or modification, or

(e)  that the decision of the Court of Appeals fails to give a statement in writing of each substantial question arising on the record and argued by the parties. If this error is relied upon, the petition shall set forth such portions of the record so as to affirmatively disclose such failure, and establish that petitioner was prejudiced thereby."

This Court can still consider a Petition to Transfer which does not fall within the categories established in A.P. 11(B)(2). *Troue* v. *Marker* (1969), 253 Ind. 284, 252 N. E. 2d 800. However, consideration of such a petition should be a rare occurrence, and should be done only where a special need has been demonstrated. The grounds for transfer are relatively inclusive and permit consideration of most any important question which might arise. Parties seeking transfer should make a concerted effort to frame their arguments in terms of these established categories. If a party finds it impossible to urge its point within these categories, he should so state, explaining why it is impossible to do so and why the Supreme Court should still consider his Petition to Transfer.

The petition in the case at bar is not addressed to *any* of the grounds contained in A.P. 11(B)(2). Petitioner must allege facts with ample particularity to bring his petition within one of the stipulated grounds for transfer. *City of Hobart* v. *Baum* (1957), 237 Ind. 316, 145 N. E. 2d 573; *Pittsburgh C. C. & St. L. Ry.* v. *Hoffman* (1938), 200 Ind. 178, 162 N. E. 403; *American Quarries Co.* v. *Lay* (1906), 166 Ind. 234, 76 N. E. 517, *In re Aurora Gaslight Coal & Coke Co.* (1917), 186 Ind. 690, 115 N. E. 673. The petition before us merely states in general terms that the Court of Appeals erred in connection with that court's determination of the facts. Such a petition presents no issues to this Court and should therefore be dismissed.

Other difficulties have arisen in the construction of recent Petitions to Transfer. One such problem is the failure to meet the following language of A.P. 11 (B) (1) (d) :

> "[S]pecify with particularly wherein the Court of Appeals committed error and the circumstances giving rise to such error."

Frequently "particularity" is sadly lacking with no reference being made to that portion of the Court of Appeals' opinion considered to be erroneous.

Another problem arises under A.P. 11 (B) (2) (a), which is the ground for transfer that the Court of Appeals' opinion contravened a ruling precedent of the Supreme Court. The petitioner is required to indicate the ruling precedent contravened. Frequently a petitioner will merely cite a case without indicating any specific precedent contained in the cited case. Cases often stand for several propositions and the petition should state the exact proposition of law relied upon. Additionally, petitioner should state *in what way* the decision of the Court of Appeals has contravened the ruling precedent.

The filing of a Petition to Transfer should not be considered simply a perfunctory procedure to follow after every adverse decision from the Court of Appeals. Transfer should only be sought because of a genuine belief that one of the grounds under A.P. 11 (B) (2) has been met. As noted hereinbefore, none of the grounds for transfer was even mentioned in the Petition to Transfer before us, and we are of the opinion that said petition presents no reason for going beyond the scope of these grounds. The Petition to Transfer is therefore dismissed.

Petition to Transfer dismissed.

DeBruler, Givan and Prentice, JJ., concur; Arterburn, C.J., not participating.

NOTE.—Reported in 296 N. E. 2d 882.