Alley *v.* The City of Lebanon *et al.*

ALLEY *v.* THE CITY OF LEBANON ET AL.

[No. 17,548. Filed October 20, 1896.

MUNICIPAL CORPORATION.—*Public Improvement.—Sewers.—Injunction.*—An action will not lie to enjoin the collection of a sewer assessment under sections 4288-99, Burns' R. S. 1894, which provide a remedy by injunction before the making of the contract and by appeal in case a precept is issued for the collection of the assessment, unless the common council was absolutely without jurisdiction to enter into the contract for the building of the sewer.

SAME.—*Common Council.—Public Improvements.—Sewers.*—Where all the proceedings for the construction of a sewer and the making of assessments are in strict compliance with sections 4288-4299, Burns' R. S. 1894, a city council has jurisdiction to make a contract for a general sewer.

SAME.—*Common Council.—City Commissioners.— Public Improvements.—Sewers.— Statute Construed.*—Under sections 4273-4275, Burns' R. S. 1894, providing a method by which the common council or town board is guided in making assessments upon the property benefited by sewer improvements, such council or town board is not required to submit the matter to the city commissioners for appraisement of benefits and damages to the property affected by the proposed improvements.

From the Boone Circuit Court. *Affirmed.*

*Ralston & Keefe* and *Abbott & Ratcliff*, for appellant.

*Artman & Lewis*, for appellees.

HOWARD, J.—This was an action by the appellant to enjoin the collection of a sewer assessment. The appellee City of Lebanon, having assigned to the remaining appellees, contractors, all assessments for the construction of the sewer, filed in the court below her disclaimer to the appellant's complaint. The other appellees filed their answer, in which they set out in full the proceedings of the city council for the con-

struction of the sewer and the making of the assessments.

The evidence was heard, and the facts found specially by the court. The findings so made show that all the proceedings for the construction of the sewer and the making of the assessments were, as is also admitted by counsel, in strict compliance with the provisions of the act approved March 8, 1889 (Acts 1889, p. 237), and the amendments thereto (Acts 1891, p. 323), for the making of street and alley improvements and the building of sewers, known as the Barrett Law. (Sections 4288-4299, Burns' R. S. 1894.)

Many propositions are ably discussed in the elaborate briefs of counsel, as they were also in the oral argument, but we are of opinion that the only question that need be considered is, whether the common council had jurisdiction to enter into the contract for the construction of the sewer.

In *Robinson* v. *The City of Valparaiso,* 136 Ind. 616, which was also a case under the Barrett law, certain property owners had sought to enjoin the collection of sewer assessments on account of the alleged defective construction of the sewer. It was there held, in accordance with the provisions of the statute, that an injunction might, in proper case, be had "upon the proceedings prior to the making of any such improvements." It was, however, also held that "from the time that work begins under a lawful contract, vested rights attach; and the faithful completion of the work is placed by the law in custody of the city authorities, chosen by the people and clothed with power to care for the common welfare;" but that if a property owner refuses to pay his assessment, and a precept is issued for its collection, an appeal may be had; on which appeal "all questions from the making of the contract to

the report of the engineer on the final estimate are brought in review."

It might be said, therefore, that, in the case at bar, the appellant not having brought her injunction proceedings before the making of the contract for the sewer, and there being provided a right of appeal in case a precept is issued for the collection of the assessment made against her, the present action cannot lie. And this would be true unless it could be shown that the common council was absolutely without jurisdiction to enter into the contract for the building of the sewer. And this, indeed, is what counsel for appellant contend for.

The basis of this contention is that by the act to regulate sewer improvements in towns and cities, in force March 4, 1893 (Acts 1893, p. 332; sections 4273-4275, Burns' R. S. 1894), sewers are classified into local and general sewers; the cost of the former to be paid by the abutting property owners, and so much of the cost of the latter as exceeds the cost of a local sewer to be paid by the owners of all property benefited, including the abutting property. The act further provides that in making the assessments for local sewers or their equivalents, the town board or common council shall be governed by the law in relation to assessments for street improvements, except that the whole cost, including that for street and alley crossings, shall be assessed against the property owners; and that in assessing that part of the cost of a general sewer, over and above the cost of an equivalent local sewer, the board or common council shall be governed by the statutes relating to the assessment of benefits in the laying out of streets.

We are able to perceive nothing in the foregoing act that can affect the jurisdiction of the common council in letting the contract here under consideration. The

Barrett law specifies all the steps to be taken prior to and including the letting of the work. Counsel admit that all such steps were taken, as, indeed, the court also expressly finds. The statute of 1893 has reference only to the proper mode of making the assessments after the contract has been made and the work completed. If the assessments have not been made as required by law, the court may undoubtedly compel a proper assessment to be made; but this furnishes no reason to show that the common council did not acquire jurisdiction to enter into the contract for the work.

Counsel argue that by the act of 1893 the common council were required, before taking any steps towards the construction of the sewer, to submit the matter to the city commissioners for an appraisement of the benefits and damages to the property to be affected by the proposed improvement. Such a proceeding would be quite impracticable, and there is nothing in the act to justify counsel's interpretation. The assessments cannot be made until the contract is let and it becomes known how much the work is to cost. Besides, it is plain, from the provisions of the statute, that the legislature intended only to provide a method by which the common council or town board should be guided in making assessments upon the property benefited by the work. In case of a local sewer, or its equivalent, the benefits are to be assessed on the abutting property, by the front foot, as in case of street improvements, except that the whole cost shall be assessed to the abutting property, and none to the city or town; while in case of a general sewer, such as that in the case before us, the excess of cost over the cost of a local sewer is to be assessed to all the property benefited, including the abutting property; and in making this last assessment the town board or com-

mon council are to be governed by the same provisions of law that prevail in making assessments for the laying out of streets; that is, the actual benefits and damages, and not merely the frontage, area or value of property are to be considered. The assessment, however, in every case is to be made by the town board or common council, and not by the city commissioners or any other body.

The assessment in this case, as appears from the findings of the court, was made against each lot or part of lot benefited according to such benefits and to the fair proportion of the cost of the work. There is nothing to show that this end was not reached in the manner provided by law; and we must presume that it was.

The judgment is affirmed.