## EVERETT ET AL. *v.* DEAL ET AL.

[No. 18,163.　Filed May 25, 1897.]

INJUNCTION.—*Street Improvements.*—An action will not lie to enjoin the trustees of a town from making street improvements after the contract therefor has been entered into, where such trustees had jurisdiction to enter into the contract, as the statute under which such street improvements are made provides that in case a property owner refuses to pay his assessment, an appeal may be had in which all questions from the making of the contract to the report of the engineer on the final assessment are brought in review.

RECORDS.—*Correction of, by nunc pro tunc Entry.*—It is competent for any tribunal to correct its record so as to make it speak the truth.

From the Scott Circuit Court.　*Affirmed.*

*O. H. Montgomery,* for appellants.

*Joseph H. Shea, Samuel B. Wells* and *EugeneHaugh,* for appellees.

HOWARD, J.—This was an action brought by the appellants as property owners upon certain streets of the town of Scottsburgh, against the appellees, being the said town, and Charles T. Deal, contractor, to enjoin the making of certain street improvements upon the said streets.　The court at first granted a temporary restraining order against appellees, but on the trial of the cause found in their favor, dissolved the restraining order, and rendered judgment for appellees. The only error assigned is that the court overruled the motion for a new trial.

The contract was let April 13, 1896; and this action to enjoin the work was not brought until June 8, 1896, and after the work was begun.　It was said in *Alley* v. *City of Lebanon,* 146 Ind. 125, citing *Robinson*

v. *City of Valparaiso*, 136 Ind. 616, also sections 4288-4299, Burns' R. S. 1894 (Acts 1889, p. 237; Acts 1891, p. 323), that an injunction might, in proper case, be had "upon the proceedings prior to the making of any such [street or sewer] improvements;" but that "from the time that work begins under a lawful contract, vested rights attach; and the faithful completion of the work is placed by the law in custody of the city authorities, chosen by the people and clothed with power to care for the common welfare." Also, that, under the same statute, "if a property owner refuses to pay his assessment, and a precept is issued for its collection, an appeal may be had; on which appeal 'all questions from the making of the contract to the report of the engineer on the final assessment are brought in review.' " It might therefore be said in this case, as was said in the case of *Alley* v. *City of Lebanon, supra,* that the appellants, not having brought their injunction proceedings before the making of the contract for the street improvements, and there being provided a right of appeal in case a precept should be issued for the collection of the assessments to be made against them, this action cannot lie. And this would be true here, as it was there, unless it should be shown by the record that the board of town trustees was absolutely without jurisdiction to enter into the contract for the improvement of the streets.

We have, however, carefully considered all the reasons advanced by the learned counsel for appellants to show that the board had not acquired jurisdiction to enter into the contract, and we find them without force. All the steps required by the statute to be taken, including the giving of notice to the persons concerned, were substantially complied with. We have also considered the questions raised as to the introduction of evidence, and find them unavailing. The

town maps, and evidence as to names of streets and their dedication to the public, were all proper for the information of the court. So of the *nunc pro tunc* entry in the minutes of the town board. It is competent for any tribunal to correct its record so as to make it speak the truth. *City of Logansport* v. *Crockett*, 64 Ind. 319, and authorities cited. It is not necessary to consider in detail all the objections raised by counsel to the rulings and action of the court. It is enough to say that we have carefully considered them, and do not find anything to show that the board did not have jurisdiction to enter into the contract under consideration.

Judgment affirmed.