## Marion Trust Company, Trustee, *v.* City of Indianapolis et al.

[No. 5,410. Filed October 25, 1905. Rehearing denied February 14, 1906. Transfer denied May 8, 1906.]

1. STATUTES.—*Construction.*—*Meaning.*—All parts of a statute should be construed together to ascertain its meaning. p. 676.

2. MUNICIPAL CORPORATIONS.—*Street Assessments.*—*Statutes for.* —*Strict Construction.*—At common law municipal corporations have no right to assess frontagers for the payment of the cost of street improvements, and statutes granting such right are construed strictly in favor of such frontagers and against such corporations. p. 676.

3. SAME.—*"Sidewalks."*—*Meaning of.*—*Presumptions.*—A "sidewalk" means primarily a foot way along the side of a street, and the presumption is that such meaning is intended when such word is used in a statute. p. 677.

4. STATUTES. — *Construction.* — *Municipal Corporations.* — *Sidewalks.*—The statute (Acts 1897, p. 79, §1), providing that the board of public works of certain cities may "improve only a

part, or one side of any street, or sidewalk, or other place," should be read as though the words "or sidewalk" were omitted, the second proviso of such section specifically covering sidewalks, and such second proviso being meaningless upon any other construction.    p. 678.

From Superior Court of Marion County (66,698) ; *John L. McMaster,* Judge.

Suit by the Marion Trust Company, as trustee, against the City of Indianapolis and another.    From a decree for defendants, plaintiff appeals.    *Affirmed.*

*Wilson & Townley,* for appellant.

*S. M. Richcreek* and *J. M. Milner,* for appellees.

COMSTOCK, J.—Suit by appellant to quiet title against appellees to certain real estate in the city of Indianapolis. Appellees filed separate demurrers for want of facts to appellant's complaint.    The court sustained these demurrers. Appellee City Bond Company filed a cross-complaint against appellant, seeking to foreclose a sidewalk improvement lien against the property described in appellant's complaint.    Appellant filed an answer to this cross-complaint, setting up substantially the facts alleged in its original complaint.    To this answer appellee City Bond Company demurred for want of facts, and the court sustained the demurrer.    Appellant elected to stand upon its original complaint and upon its answer to the cross-complaint of the City Bond Company, and refused to plead further.    The court thereupon rendered judgment against appellant, refusing to quiet appellant's title as prayed in its original complaint.    The court also rendered judgment in favor of appellee City Bond Company upon its cross-complaint, and decreed the foreclosure of the sidewalk improvement lien above referred to.

Appellant assigns as error the action of the court in sustaining the separate demurrers of appellees to its complaint, and in sustaining the demurrer of the City Bond

Company to appellant's answer to the cross-complaint of the City Bond Company.

The material facts out of which the controversy arises, and which are alleged in appellant's original complaint and again in appellant's answer to the cross-complaint of the City Bond Company, are as follows:    Appellant is the owner in fee simple of certain real estate abutting upon the west side of Central avenue in the city of Indianapolis.    In April, 1903, the city, through its board of public works, took steps to improve said Central avenue by constructing a cement sidewalk along the west side thereof.    After the proper proceedings had been taken, the contract was let, the improvement was made and completed, and the board assessed certain property with the cost of the improvement. The assessment made by the board was limited to the land abutting upon the west side of Central avenue, and the entire cost of the improvement was attempted to be assessed against said land.    The west side of the street only was improved, the east side was not ordered improved, nor had it ever before been improved, nor has it since been improved with any sidewalk whatever.    After the making of the above assessment by the board the contractor properly assigned his interest in the assessment to appellee City Bond Company, which is now the owner of the same.    The land of appellant abutting upon the west side of Central avenue was assessed in the amount of $1,942.95.    Before its assessment was payable appellant tendered to appellees one-half of the above sum—namely, $971.48—claiming that such tender was sufficient to discharge the lien of the assessment as against its property.    This was upon the theory that the board had no power to assess more than one-half of the cost of the improvement against the land abutting upon the west side of the street, and that having unlawfully attempted· to assess the entire cost thereof against said land·appellant was only legally chargeable with one-half of the assessment which the board attempted to make.    Appellees refused to

accept the tender made by appellant. Thereupon appellant paid into court said amount of $971.48 for appellees' use, and brought this suit to quiet title to its land as against the assessment in question.

The controversy in this case grows out of the construction to be given to the seventy-fourth section of the Indianapolis charter (Acts 1891, p. 137) as amended in 1897 (Acts 1897, p. 79, §1). The portion of said section material to the consideration of the question before us is as follows: "If said board shall finally order such improvement, and shall advertise for bids and let the contract for the same, the cost of any street or alley improvement shall be estimated according to the whole length of the street or alley, or so much thereof to be improved as is uniform in the extent and kind of the proposed improvement per running foot, and the total cost thereof, exclusive of one-half the cost of street and alley intersections, shall be apportioned upon the lands or lots abutting thereon. The remaining one-half of the cost of street and alley intersections shall be apportioned upon the lands or lots abutting on the street or alley intersecting the street or alley under improvement for a distance to the street line of the first street extending across the said intersecting street or alley in either direction from the street or alley improved: Provided, that in case of intersections with diagonal streets or avenues the remaining one-half cost of each intersection shall be apportioned on the lands or lots abutting on each of the intersecting streets for a distance to the street line of the first street extending across each of said intersecting streets in each direction from the street improved. Should a street or alley enter into and not across the street or alley under improvement, then the assessment for the cost of one-half of said entering street or alley, measured to the center line of the street or alley under improvement, shall be made on the lots or lands abutting on said entering street or alley, for a distance to the street line of the first street extending

across the said intersecting street or alley, and such last named assessment shall be made, pro rata upon the lots or lands abutting on said street or alley: Provided, however, that if it may be deemed necessary by the board of public works to improve only a part, or one side of any street, or sidewalk, or other public place in such city, then one-half of the cost of such improvement shall be assessed against and paid by such city, and the remaining one-half of the cost thereof shall be assessed against the lands or lots abutting upon and adjacent to such half or side of the street or alley so to be improved, as now provided by law: Provided, also, however, that when the board of public works orders the improvement of any sidewalk, the cost of the same shall be estimated according to its whole length, including the street and alley intersections, and shall be apportioned upon the lots or lands abutting thereon."

Appellant contends that this case is to be governed by the first proviso of the foregoing statute; appellees contend that the case is to be governed by the second proviso. The question is one of statutory construction. All parts of the statute must be construed together to ascertain its meaning.

1.

It need only be stated that municipal corporations have no inherent power to levy special assessments for street improvements. Such power exists only to the extent that it is expressly conferred by the legislature.

2.

Statutes conferring upon municipal corporations the power to levy special assessments for street improvements are to be strictly construed against the municipality and in favor of the abutting property owners. The city of Indianapolis is given express statutory power to improve its streets at the expense of abutting property owners. Appellant relies upon the literal meaning of the first proviso. It says: "That if it be deemed necessary by the board of public works to improve only a part, or one side of any street, or sidewalk, or other public place in such city, then

one-half of the cost of such improvement shall be assessed against and paid by such city, and the remaining one-half of the cost thereof shall be assessed against the lands or lots abutting upon and adjacent to such half or side of the street or alley so to be improved, as now provided by law."

Appellant insists that the improvement on the west side of Central avenue was the improvement of a part or one side of a sidewalk, within the meaning of the above provision. It is argued that a sidewalk improvement generally contemplates the construction of a sidewalk upon both sides of the street, and where only one side is improved it is natural to refer to the improved portion as a part or one side of a sidewalk.

The two provisos in controversy here became part of the seventy-fourth section of the city charter in 1897 (Acts 1897, p. 79, §1). Previous to that time the section was substantially as it now stands, except that it did not contain the two provisos in question (Acts 1895, p. 384). At that time the act provided generally: "The cost of any street or alley improvement shall be estimated according to the whole length of the street or alley, * * * and the total cost thereof, exclusive of one-half the cost of street and alley intersections, shall be apportioned upon the lands or lots abutting thereon." In other words, the statute at that time provided that the cost of any street improvement should be assessed against the land abutting upon the street improvement. *Indianapolis, etc., R. Co.* v. *Capital Paving, etc., Co.* (1900), 24 Ind. App. 114; *Drake* v. *Grout* (1899), 21 Ind. App. 534; *Klein* v. *Nugent Gravel Road Co.* (1904), 162 Ind. 509.

While the term "street" in ordinary legal signification includes all parts of the way—the roadway, the gutters and the sidewalk—yet the term sidewalk has come to be

3. generally used in this country for the purpose of designating a footway for passengers at the side of a street or road. Elliott, Roads and Sts. (2d ed.), §20;

*Challins* v. *Parker* (1873), 11 Kan. 384. In that sense the legislature is presumed to have used it.

The second proviso of the section relates only to, and provides for, the improvement of sidewalks. In enacting it the legislature must have had a purpose. It radically differs from the first proviso as to the assessment of costs of the improvement. Unless it governs the improvement of sidewalks it is meaningless. The first makes provision "to improve only a part, or one side of any street, or sidewalk, or other public place in such city." This does not mean one side of a sidewalk. If "part" qualifies sidewalk, it would not apply to the case at bar, because the sidewalk is complete and entire. We think it plain that "or sidewalk" is by inadvertence or mistake in the statute; otherwise there appears contradictory and meaningless provisions in the same section. It is significant that the codification commission in reporting the section under consideration as §108 (Acts 1905, pp. 219, 288, §3532 Burns 1905) omitted from said text the word "sidewalk." This omission was probably for the reason, in the opinion of the commissioners, that the word was without meaning in the connection in which it was used. The demurrer to the complaint was properly sustained.

Judgment affirmed.