## INDIANA UNION TRACTION COMPANY ET AL. *v.* GOUGH ET AL.

[No. 8,060. Filed June 26, 1913. Rehearing denied November 5 1913.]

1. MUNICIPAL CORPORATIONS.—*Special Assessments.—Power.*—The right of a city to impose and collect special assessments is derived from the sovereign power of the State, and does not exist in the absence of a statutory grant; and, when granted, the extent of the power is limited to that which the statute expressly confers. p. 441.

2. MUNICIPAL CORPORATIONS.—*Special Assessments.—Property Assessable.—Street Car Tracks.*—Under the statute authorizing

municipal corporations to levy assessments against lots and parcels of land benefited by the construction of a sewer, to pay the cost of such construction, a city is not authorized to assess for that purpose the tracks and right of way of an interurban street railway located within the benefited district.   p. 441.

3.   COURTS.—*Construction of Statutes.*—Courts, not having legislative powers, cannot interpret statutes in a way that would amount to judicial legislation.   p. 441.

4.   RAILROADS.—*Right of Way.*—*Special Assessments . by Municipal Corporations.*—*Street Railroads.*—The private right of way of a railroad company is an interest in the soil amounting at least to an easement, and may be regarded as a "parcel of land" subject, in proper cases, to special assessments for the cost of drainage or street improvements, and, although the easement enjoyed by a steam railroad located longitudinally in a public street imposes an additional burden thereon, and is property which must be acquired by contract with the owners of the fee, or under the right of eminent domain, interurban or street car tracks in a public street do not constitute an additional servitude for which compensation must be made, and hence such companies hold no interest or easement in the land comprising a street which may be subjected to such special assessments.   p. 442.

From Delaware Circuit Court; *Joseph G. Leffler,* Judge.

Action by Charles Gough and others against the Indiana Union Traction Company and another.   From a judgment for plaintiffs, the defendants appeal.   *Reversed.*

*Warner & Warner* and *J. A. Van Osdol,* for appellants.
*Frederick F. McClellan, Donald D. Hensel* and *Leonidas A. Guthrie,* for appellees.

LAIRY, J.—Appellants own and operate a street railway in the city of Muncie, Indiana, under and by virtue of a contract and franchise granted by said city.   One of the tracks of appellants is located longitudinally in Kilgore Avenue, one of the public streets of Muncie, and is used in the transportation of electric street cars and also for the transportation of electric interurban cars.   In March, 1908, the city of Muncie by its proper officers originated proceedings for the establishment and construction of a general sewer in such city, and such steps were thereafter taken as resulted

in the defining of the territory to be benefited by the proposed sewer, the preparation of plans and specifications, the letting of the contract, the construction of the sewer, and the making and confirmation of assessments against the lots and parcels of land within the district benefited. A part of Kilgore Avenue along and over which appellants' tracks are located is within the limits of territory described as benefited by such sewer, and an assessment was placed against the tracks and right of way of appellants on Kilgore Avenue between Main Street and First Street in the sum of $304.95 for the cost of the construction of the same. The assessment was confirmed and this action was brought by appellees, who were contractors, for the purpose of enforcing its collection. The case was tried by the court and resulted in a judgment for appellees. A demurrer was filed to the complaint and overruled. The court made a special finding of facts and pronounced its conclusions of law thereon, to each of which conclusions appellants excepted. Appellants also filed a motion for a new trial which was overruled.

No question is raised as to the validity or regularity of the proceedings leading up to the assessment, but it is claimed on behalf of appellants that the property and rights of the street and interurban railway located in the street are not such property as is subject under the statutes of this State to a local assessment for the construction of a sewer. The legislature has provided for the location, establishment and construction of sewers by cities and has also conferred upon the city power to make special assessments against the lots and parcels of land located within the territory benefited, for the purpose of paying the costs and expenses incident thereto. The statute also expressly authorizes an assessment against the city on account of the benefits accruing to its streets, alleys, and public grounds. The property of appellants against which the special assessment in question was made consists of the right, license, privilege or franchise granted by the city of Muncie to lay and maintain their

tracks in the street and to operate their cars thereon for a period of years, together with the ties, rails, poles, wires and other tangible property used in the construction and operation of the railway within that portion of Kilgore Avenue lying within the bounds of the territory benefited. If this property of appellants does not fall within that class of property which the city is empowered to assess for the construction of sewers, then the assessment made against it cannot be upheld.

The right of a city to impose and collect special assessments is derived from the sovereign power of the State. Without a statutory grant the power does not exist; 1. and, when granted, the extent of the power is limited to that which the statute expressly confers. *Barber Asphalt Pav. Co.* v. *Edgerton* (1890), 125 Ind. 455, 25 N. E. 436, and cases there cited; *Klein* v. *Nugent Gravel Co.* (1904), 162 Ind. 509, 70 N. E. 801; *Zorn* v. *Warren-Scharf, etc., Pav. Co.* (1908), 42 Ind. App. 213, 84 N. E. 509. The court is of the opinion that the statute authorizing 2. the city to impose special assessments on lots and parcels of land to pay the costs and expenses of constructing a sewer is not broad enough to warrant the city in placing an assessment for that purpose against the tracks and right of way of a street and interurban railway located longitudinally on a street within the district benefited. Certainly it cannot be said that the property so located can be regarded as a lot or parcel of land within the meaning of the statute. It may be that such property is so located as to be benefited by the construction of a sewer; and, no doubt, the legislature might have properly conferred power upon cities to assess such property for that purpose. We are not required, however, to determine what power the legislature might have conferred, but to ascertain the extent of the power actually granted by the statute. To hold 3. that the statute in question authorized the city of Muncie to place a special assessment against the prop-

erty of appellants would amount to judicial legislation. The court possesses no legislative powers.

A private right of way of a railway company may be regarded as a parcel of land for the reason that the company owning such right of way has an interest in the soil 4. amounting, at least, to an easement. It has accordingly been held that such a right of way of a railway company may be subjected to a special assessment in a drainage proceeding. *Louisville, etc., R. Co.* v. *State* (1889), 122 Ind. 443, 24 N. E. 350; *Louisville, etc., R. Co.* v. *Boney* (1888), 117 Ind. 501, 20 N. E. 432, 3 L. R. A. 435; *Lake Erie, etc., R. Co.* v. *Bowker* (1893), 9 Ind. App. 428, 36 N. E. 864. It has also been held that the private right of way of a railroad company abutting on one side of a street may be subjected to a special assessment to pay the costs of paving such street. *Peru, etc., R. Co.* v. *Hanna* (1879), 68 Ind. 562; *Pittsburgh, etc., R. Co.* v. *Hays* (1896), 17 Ind. App. 261, 44 N. E. 375, 45 N. E. 675, 46 N. E. 597; *Indianapolis, etc, R. Co.* v. *Capitol Paving, etc., Co.* (1900), 24 Ind. App. 114, 54 N. E. 1076. In the case last cited the court intimated that the right of way of a steam railroad was not exempt from the levy of a special assessment for paving a street, upon the ground that such right of way was located entirely within the limits of the street paved; but it was decided that a right of way so located was not subject to such an assessment for the reason that it was not land abutting upon the avenue improved within the meaning of the statute. It may be conceded that the right of way of a steam railroad located longitudinally in a public street imposes a burden on the land in addition to the easement existing therein in favor of the public. The easement enjoyed by a steam railroad so located is essentially different from that enjoyed by the public in the street, and it must be acquired from abutting land owners either by purchase or condemnation. As said in the case last cited: "When a company lays its tracks in the street, it imposes a new burden upon the land

beyond the easement the city had, and this new interest can be created only by contract with the owners of the fee, or under the right of eminent domain. So it must be concluded that the easement held by the company is an interest in the land over which its tracks run, and that it is property which must be acquired by purchase and payment of the consideration like any other property.'' However, the course of reasoning pursued in the case from which we have just quoted does not lead to the conclusion that the same rule would apply to tracks over which city cars and interurban electric cars are operated. On the contrary, the same course of reasoning, when applied to street and interurban railways located in streets, leads to a different result, in view of the decisions of our courts to the effect that the construction and operation of such railways in the streets of a city do not constitute an additional servitude for which compensation must be made. *Mordhurst* v. *Fort Wayne, etc., Traction Co.* (1904), 163 Ind. 268, 71 N. E. 622, 66 L. R. A. 105, 106 Am. St. 222, 2 Ann. Cas. 967; *Kinsey* v. *Union Traction Co.* (1908), 169 Ind. 563, 81 N. E. 923; *Pittsburgh, etc., R. Co.* v. *Muncie, etc., Traction Co.* (1910), 174 Ind. 167, 91 N. E. 600.

These cases are based upon the proposition that the use to which public streets are subjected by the construction and operation of such railways is not different in character and extent from that which was contemplated at the time of the dedication or condemnation of such streets. If this is true, it must follow that companies owning and operating such railways in the streets do not hold any easement or interest in the land upon which the tracks are located. The statute provides that an assessment may be made against the city, and if made it would cover all benefits accruing to the easement of the public in the streets. The right of a street railway company to maintain its tracks and to operate its cars in the street under the permission granted by the city is a part of such public easement. If the railway company

were required by the terms of its franchise to pay a part of the benefits assessed against the city on account of public improvements, a different question would be presented. It is not claimed that the franchise granted to appellants contains any such provision. The precise question here considered has never been passed upon by the courts of this State, but the weight of authority from other states seems to sustain the conclusion reached in this case. *Conway* v. *City of Rochester* (1897), 49 N. Y. Supp. 244, 24 App. Div. 489; *People* v. *Gilon* (1891), 126 N. Y. 147, 27 N. E. 282; *Oshkosh City R. Co.* v. *Winnebago County* (1895), 89 Wis. 435, 61 N. W. 1107; *Koons* v. *Lucas* (1879), 52 Iowa 177, 3 N. W. 84. As sustaining this position appellees have cited a number of cases from the supreme and appellate courts of Illinois. An examination of these cases convinces us that they are not of controlling force in the case at bar. The statutes authorizing the assessments which were held valid in those cases were essentially different from the statutes under which the attempt was made to impose the assessment sought to be enforced in this action. This court referred to those cases and distinguished them in the case of *Indianapolis, etc., R. Co.* v. *Capitol Paving Co., supra.*

In view of the conclusion we have reached in this case, a new trial would be of no benefit to appellees. The judgment is therefore reversed with directions to the trial court to restate its conclusions of law in accordance with this opinion and to render judgment thereon in favor of appellants.

Note.—Reported in 102 N. E. 453. See, also, under (1) 28 Cyc. 1102; (2) 28 Cyc. 1118-1120; (3) 36 Cyc. 1103. As to whether street railways are additional servitude, see 106 Am. St. 232. As to what property is liable for assessment for construction of drains and sewers, see 26 L. R. A. (N. S.) 973. As to whether a street railway is an additional burden in a street, see 17 L. R. A. 477; 36 L. R. A. (N. S.) 709. As to the assessment of a railroad right of way for a street improvement, see 2 Ann. Cas. 587; 12 Ann. Cas. 635.