No. 14,921.

CITY OF FRANKFORT *v.* STATE, EX REL. ROSS.

STREET IMPROVEMENT.— *Unplatted Lands.*—*Assessment for Improvement.*—
*Public Highway.*—Under the act of April 13th, 1885 (Acts 1885, p. 207),
relating to the improvement of streets and alleys, the power to assess to
a distance of one hundred and fifty feet back from the line of the im-
provement can only be exercised where there is a tract of unplatted land
extending back that distance. The lands included in a public highway,
on which the unplatted tract abuts, can not be assessed for the improve-
ment, neither can the highway be crossed, and tracts of land lying
beyond it be assessed for such improvement.

From the Clinton Circuit Court.

*J. C. Farber,* for appellant.

*O. E. Brumbaugh,* for appellee.

McBRIDE, J.—On the 2d day of April, 1885, the com-
mon council of the city of Frankfort enacted an ordinance
for the improvement of a part of Main street in that city.
Thereafter such steps were taken that on the 7th day of May,
1885, the contract for making the improvement was awarded
to the relator.   By the terms of the contract the relator was
to collect the cost of the improvement from the owners of
lands abutting thereon, except at the crossings of streets and
alleys, upon estimates and assessments to be made by the
appellant.   After the completion of the work an estimate
was made covering the entire cost of the work, which was
apportioned and assessed against the several tracts of land
bordering upon the improvement, in the ratio of the front
lines of the same.

This has all been collected, except the sum of $264.60,
which was assessed against a triangular tract of land which
has a frontage of 147 feet on the improvement, and is 34
feet wide at one end and comes to a point at the other end.
This tract is formed by the intersection of Main street and
a public highway known as the Delphi road, as shown in the
following plat:

City of Frankfort *v.* The State, *ex rel.* Ross.

DELPHI

SECTION LINE

BARNER 50 ST. 34

66 ft.

J. H. Paris & Co's Addition.
63

150

ST.

Lot 62

40

N

64

16½ 93⅕ ft.

80

ALLEY

16½

ROAD

66 32

ALLEY

Lot 106

Lot 105

MAIN

107

John Pence's 3d North Additi'n

McCLURG 50 ST.

132

104

This tract, the relator alleges, is worthless, and the assessment made thereon not collectible. His contention is that the assessment as to this particular tract is not in compliance with the law; that instead of assessing only the triangular tract in the angle formed by the two streets, the assessment should have covered a strip extending one hundred and fifty feet back from the line of the improvement. The court below awarded him a peremptory writ of mandate commanding the common council to make an assessment in accordance with his demand, and this appeal is prosecuted from the judgment thus rendered.

The power possessed by common councils of incorporated cities to make estimates and assessments for the collection of the cost and expense of street improvements is purely statutory. Statutes conferring such powers are strictly construed. Elliott Roads and Streets, 371, *et seq.*, and authorities there cited.

The only statute in force when the assessment in question was made which bears directly upon the proposition involved was section 753, Elliott's Supp., as follows:

" In all contracts heretofore made or which may be hereafter made by order and under the direction of the common council of any city in this State for the grading, paving, guttering and improvement of any street or alley in such city, the cost of such improvements shall be estimated according to the whole length of the street or alley, or the part thereof to be improved per running foot; and the city shall be liable to the contractor for so much thereof only as is occupied by public grounds of the city bordering thereon, and the crossings of streets and alleys; and the owners of lots bordering on such street or alley or the part thereof to be improved, shall be liable to the contractor for their proportion of the cost, in the ratio of the front lines of lots owned by them to the whole improved line ; and in all cases where such improvement shall have been made, or may hereafter be made, on any street or alley running along or through any un-

platted lands lying within the corporate limits of such city, the cost of such improvements shall be estimated according to the whole length of the street or alley or the part thereof to be improved per running foot, and the owners of such unplatted lands bordering on such street or alley, or the part thereof to be improved, shall be liable to the contractor for their proportion of the cost, in the ratio of the front lines of such unplatted lands owned by them to the whole improved line ; and in making the assessment against such owners for the improvement, such unplatted lands shall be assessed across the ground fronting or immediately abutting on such improvement back to the distance of one hundred and fifty feet from such front line, and the contractor shall have a lien thereon for the value of such improvements : *Provided, however,* That where such land is subdivided, the land lying immediately upon and adjacent to the line of the improvement shall be primarily liable to and for the whole cost of the improvement, and should that prove insufficient to pay such cost, then the second parcel and other parcels in their order to the rear parcel of said one hundred and fifty feet shall be liable in their order." * * *

The return to the alternative writ showed that the triangular tract was unplatted land, and upon this fact appellee bases his contention that the assessment should have extended back a distance of one hundred and fifty feet regardless of the existence of the highway. They say :

" The assessment must in all cases be made strictly in pursuance of the statute, which requires it to be made by assessing back a distance of one hundred and fifty feet ; and it is not the duty of the appellant to forestall the property-owner's defence, if he should choose to make it, by refusing to make the assessment extend back a distance of one hundred and fifty feet on account of having to cross a public highway in so doing.

" The location of a public highway upon lands, as alleged in the appellant's answer, in no way affects the title of the

lands; it is well settled by the law in this State, that a public highway is but an easement, and that the title to the lands over which it passes is in the owners of the lands upon either side of the highway, to the center of the highway."

The circuit court in awarding the peremptory writ evidently adopted this view, and in this it erred. It is true that a public highway is, in this State, but an easement, the fee remaining in the owner of the adjacent land. During the existence of the easement, however, the servient estate is not subject to assessment for local improvement. The statute does not attempt to confer on common councils power to make any assessment thereon, nor does it give authority to cross the line of such easement to assess lands lying beyond. As common councils can, in such cases, exercise only such powers as the Legislature has expressly conferred upon them, if this power of the Legislature to grant such authority is conceded, it has not, in this case, attempted to do so. The statute only authorizes the assessment of benefits on tracts of land bordering on the improvement made. When a public highway has been established across a tract of land, dividing it into two parts, it is thereafter, during the existence of the highway, not one, but two tracts, notwithstanding the ownership of the fee remains unchanged. The power to assess to a distance of one hundred and fifty feet back from the line of the improvement can only be exercised when there is a tract of unplatted land extending back that distance.

The fact that it may be subdivided does not deprive the council of the power to assess for that distance, and the statute expressly provides for such a case. But if the unplatted tract extends back less than one hundred and fifty feet, and then abuts in turn upon another street, the statute gives no authority to extend the limits of the assessment beyond such unplatted tract. It is unnecessary for us to consider how far the Legislature might go in conferring upon cities the power to assess, for local improvements, lands which do not

abut upon the improvement for which the assessment is made. It is enough for us to know, in this case, that so far as unplatted lands are concerned, only such tracts as abut on, or, in the language of the statute, " border on," the improvement can be assessed, except only that if such tract is subdivided the subdivisions within the limits of one hundred and fifty feet are all liable to assessments.

Counsel for appellee err in arguing that, as statutes of this character are strictly construed, such construction should be given it as will compel the common council to assess to a distance of one hundred and fifty feet, regardless of the existence of the Delphi road, and that it should be left to the property owners affected to contest the validity of their action when the contractor seeks to enforce the assessment. This would be a clear perversion of the rule which requires the strict construction of such statute, with the view of preventing the attempted exercise by common councils of powers not clearly within the legislative intent in their enactment.

Common councils are, in such cases, bound to take notice of the dimensions and boundaries of the several tracts against which they make assessments. In this case the common council was bound to take notice of the existence of the Delphi road, and that while an unplatted tract of land one hundred and forty-seven feet long bordered on the improvement, its power to assess ended when it reached that road ; and that it could not legally assess either the lands included in the Delphi road, or cross that road and assess other tracts of land lying beyond.

Several questions arising on the pleadings are argued, but as the entire actual controversy is over the question above considered, and there is no dispute about the facts, we have thought it unnecessary to pass upon any other question.

While the hardship upon appellee growing out of the application of the law occasions regret, yet this is something for which the courts are not responsible.

Nor is it just to censure the appellant because the appellee is unable to recover compensation for the work done by him.

The laws must be administered as they are, and the remedy for any hardships thus occasioned must be sought in legislation. The appellee, in contracting to make the improvement in question, was bound to know the limit of the power possessed by the common council. That he was mistaken, and is liable to suffer loss because he overestimated these powers, would not justify either the common council or the courts in misinterpreting or in misapplying the law.

Judgment reversed, with costs.

Filed June 10, 1891.