NOVEMBER TERM, 1922.    589

New York, etc., R. Co. *v.* Town of Mentone—79 Ind. App. 589.

NEW YORK, CHICAGO AND ST. LOUIS RAILROAD
COMPANY *v.* TOWN OF MENTONE ET AL.

[No. 11,558.    Filed April 27, 1923.]

1. MUNICIPAL CORPORATIONS.— *Street Improvements.— Intersections.—Assessment by Town of Railroad Right of Way.—Validity.*—Under §§8711, 8759 Burns 1914, Acts 1909 p. 412, Acts 1913 p. 12, authorizing an incorporated town to raise a fund to pay the expense of paving street intersections by special assessments "against all the lands and lots" situated in the town, such assessments to be levied "in proportion to the value of said lands or lots, exclusive of the value of improvements thereon, as the same are assessed for general taxation," an incorporated town has no authority to levy assessments against a railroad company's right of way and improvements thereon to defray the expense of paving street intersections, the statute conferring no power whatever upon the town to levy a tax upon "railroad track." pp. 590, 593.

2. MUNICIPAL CORPORATIONS.—*Special Assessments.—Power to Levy.*—A city or town has no power to levy a special assessment in the absence of an express statutory authority, and, where such statute exists, the municipal officers are limited in their procedure to the provisions thereof.  p. 593.

From Kosciusko Circuit Court; *Lemuel W. Royse,* Judge.

Action by the New York, Chicago and St. Louis Railway Company against the Town of Mentone and another. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Walter Olds, Albert E. Thomas, Frazer, Frazer & Headly, W. A. Colston* and *W. J. Stevenson,* for appellant.

*Walter Brubaker* and *John F. Bowman,* for appellees.

NICHOLS, C. J.—In 1916, the appellee town of Mentone improved the main street through said town. Appellant was assessed as an abutting property owner, $1,474.45, which it paid without protest. After the improvement was completed in 1917, appellee, being un-

able to pay the cost of paving street and alley inter-sections, undertook to make an assessment therefor and in so doing, attempted to assess appellant upon its rail-road property in said town, including its right of way, railroad track, side track, station buildings, telegraph poles, wires, instruments, other appliances and improve-ments, situated on its right of way, in the sum of $2,-319.42, and to place the same on the tax duplicate of the town, and to collect it. This suit was brought by appellant against appellees to cancel the pretended as-sessment, quiet the title to its property and enjoin the collection of the assessment. Answer of general denial was filed, the cause was submitted to the court, and there was a finding and judgment in favor of the ap-pellees. Motion for a new trial was filed and overruled. This ruling is the only error assigned.

It is the contention of appellant that there is no stat-ute or law giving authority to assess appellant's prop-erty for street intersections; and further that 1. there were no such proceedings had by the town as would constitute an assessment, even if it had authority. The assessment was sought to be made under §8711 Burns 1914, Acts 1909 p. 412, which pro-vides, so far as here involved that—"The cost of paving street and alley intersections  *  *  *  (when the city is unable to pay) shall be paid by said city from a fund which said city is hereby authorized to raise by special assessment against all the lands and lots situated in said city, and said city is hereby created a special assessment district for that purpose. Such special assessments shall be levied in proportion to the value of said lands or lots, exclusive of the value of improvements thereon, as the same are assessed for general taxation. Such spe-cial assessments shall be levied annually at the time of the annual levy of general taxes, and such levy shall be for such amount as is necessary to pay the cost, with

NOVEMBER TERM, 1922.          591

New York, etc., R. Co. *v.* Town of Mentone—79 Ind. App. 589.

interest thereon, of all work done during said year, for which such special assessments are levied."

Section 8959 Burns 1914, Acts 1913 p. 12, makes this section apply to incorporated towns as well as cities.

Section 10238 Burns 1914, Acts 1891 p. 199, provides: "Such right of way, including the superstructures, main, side or second tracks and turnouts, turn-table, telegraph poles, wires, instruments and other appliances, and the stations and improvements of the railroad company on such right of way (excepting machinery, stationary engines and other fixtures, which shall be considered personal property) shall be held to be real estate for the purpose of taxation, and denominated 'railroad track,' and shall be so listed and valued, and shall be described in the assessment thereof as a strip of land extending on each side of such railroad track and embracing the same, together with all the stations and improvements thereon, commencing at a point where such railroad track crosses a boundary line in entering the * * * town, tending to the point where such track crosses the boundary line leaving such * * * town to,the point of termination in the same, as the case may be," etc.

Section 10239 Burns 1914, Acts 1891 p. 199, provides: "The value of 'railroad track' shall be listed and taxed in the several * * * towns in the proportion that the length of the main track in such * * * town bears to the whole length of the road in this state, except the value of the side or second track, and all the turnouts and all station houses, depots, machine shops or other buildings belonging to the road, which shall be taxed in the . * * * town in which the same are located."

Section 10242 Burns 1914, Acts 1891 p. 199, provides: "All real estate of any railroad company other than that denominated 'railroad track,' with all the improvements thereon, shall be listed as lands and lots, as the case may

be, in the * * * town * * * where the same are located."

Section 10305 Burns 1914, Acts 1891 p. 199, provides: "Said board shall also assess the railroad property, denominated in this act as 'railroad track' and 'rolling-stock,' at its true cash value, and said board is hereby given the power and authority, by committee or otherwise, to examine persons or papers. The amounts so determined and assessed shall be certified by the auditor of the state to the county auditors of the proper counties. The county auditor shall, in like manner, distribute the value so certified to him by the auditor of state to the several townships, cities and towns in his county, entitled to a proportionate value of such railroad track and rolling-stock; and said auditor shall compute and extend taxes against such value the same as against other property in such township, cities and towns."

The statute relating to the assessment of lands and lots, §10256 Burns 1914, Acts 1891 p. 199, provides for the assessments of lands and improvements separately and is entirely different from that assessing railroads and is assessed by a different body. Lots and lands are assessed by the county authorities and the assessment is made and entered upon the tax duplicate, while railroads are assessed by the state board, and the right of way and all improvements thereon are assessed as "railroad track" and the proportion of the whole assessment to which the town is entitled is entered upon the tax duplicate to its credit.

By this statutory method of assessment the amount entered upon the duplicate is not the assessed valuation of the railroad property within the corporate limits of the town, and the amount so entered may be greater or less than the value of such property within the town, and the special assessment could not be levied thereon

which would be in proportion to "the value of said lands or lots, exclusive of the value of the improvements thereon as the same are assessed for general taxation."

A city or town has no power to levy a special assessment in the absence of an express statute authorizing it so to do, and with such a statute the municipal officers are limited in their procedure to the provisions thereof. *Klein* v. *Nugent Gravel Co.* (1904), 162 Ind. 509, 70 N. E. 801; *Barber Asphalt Pav. Co.* v. *Edgerton* (1890), 125 Ind. 455, 25 N. E. 436; *Indiana Union Traction Co.* v. *Gough* (1913), 54 Ind. App. 438, 102 N. E. 453; *Brownell Improv. Co.* v. *Nixon* (1910), 48 Ind. App. 195, 92 N. E. 693, 95 N. E. 585.

Section 8711 Burns 1914, *supra,* expressly limits the right of a city or town to levy the tax for street assessments upon *lands and lots, exclusive of the value of the improvements thereon, as the same are assessed for general taxation.* Lands and lots are assessed for general taxation and the lands and lots entered upon the tax duplicate with a fixed valuation, and the improvements thereon are entered upon the tax duplicate at a fixed valuation. The statute gives no authority whatever to the municipality to levy a tax upon "railroad track;" hence, there was no power or authority vested in the municipality of the town of Mentone to levy a tax against the appellant's property, situated within the limits of Mentone, for street intersections. The pretended assessment was illegal, the decision of the court was not supported by the evidence and was contrary to law.

Judgment reversed.