METZGER ET AL. *v.* DUNN, COUNTY AUDITOR, ET AL.

[No. 13,009. Filed April 26, 1928. Rehearing denied November 15, 1928. Transfer denied June 7, 1933.]

*Fred A. Sims, Charles Martindale, William L. Taylor, William C. Harrison, Willis C. Nusbaum, Louis B. Ewbank, Larz A. Whitcomb* and *Samuel Dowden,* for appellant.

*Walker &Hollett, William Bosson, Edward H. Knight, Clinton H. Gavin* and *Gentry, Cloe & Campbell,* for appellees.

ENLOE, J.—This action was brought by the appellants, as taxpayers, on behalf of themselves and other tax payers, to enjoin the auditor, treasurer, and board of commissioners of Marion County, and the mayor, controller, and members of the board of public works of the city of Indianapolis from issuing and selling bonds of the county and city, respectively, the proceeds of which bonds, when so sold, the said appellees were proposing to expend and use in the improvement of certain streets. The appellees were proceeding, so they contend, under the provisions, and under the authority conferred upon them by the provisions of Ch. 235, Acts of 1921, p. 687, §10457 et seq., Burns 1926.

The cause was tried by the court and there was a special finding of the facts, and a statement of conclusions of law adverse to the contention of appellants and from the judgment rendered upon such conclusions this appeal is prosecuted. The only question we need to decide is as to whether the said proposed improvement, under the facts as found by the court, is one within the provisions of said statute, for if it is not, the issuance and sale of the said proposed bonds would be without authority of law and should be enjoined.

The title of the act involved in the decision of this case is as follows:

"*An Act* concerning the improvement of streets and public highways in cities of the first class, which connect with, extend or continue as hard surface public highways beyond the corporate limits of such city in the county in which such city is located, providing for the assessment of part of the cost of such improvement against the abutting real estate and the remainder of the cost of such improvement shall be paid equally by such city and the county in which such city is located, and declaring an emergency."

In the first section of said act it is provided that: "The cost of improving any street or public highway in cities of the first class, which connect with, extend or continue as a hard surface public highway beyond the corporate limits of such city into the county in which such city is located, in excess of the amount that may be assessed as special benefits against the real estate abutting on such street or highway or part thereof so improved, shall be paid equally by such city and such county in which such city is located as provided in this act."

In section two of said act it is provided: "Whenever the board of public works of any city of the first class desires to improve, with any one of the kinds of modern pavements, any street or public highway in such city, in whole or in part, which connects with, extends or continues as a hard surface public highway beyond the corporate limits of such city into the county in which such city is located, said board of public works shall adopt a preliminary resolution for the improvement of such street or public highway or part thereof, so proposed to be improved, and proceed in all other respects as now provided by law. . . ." In the case at bar the streets which it is proposed to improve may be described as

follows: Hillside Avenue beginning at the point where said avenue connects with Bloyd Avenue and from thence in a northeasterly direction to the junction of Hillside Avenue and Baltimore Avenue; Baltimore Avenue from the point where it connects with Hillside Avenue in a northerly direction to the point where it connects with 34th Street at the corporate limits of the city. The accompanying plat will indicate the streets involved herein: (See following page.)

The facts found by the trial court, which are of any controlling influence upon the question now under consideration, are in substance as follows: That the said proposed bond issue is to cover the cost of improving both Hillside Avenue and Baltimore Avenue, in the city of Indianapolis to the center line of 34th Street, an improvement connecting a hard surface pavement at Bloyd Avenue with a hard surface pavement at 34th Street, which was constructed as county highway and extended into the county beyond the corporate limits of the city; that 34th Street, from its intersection with Baltimore Avenue, for a considerable distince both to the east and to the west, constitutes the north corporation line of the city of Indianapolis; that the portion of Hillside Avenue which it is proposed to improve is entirely within the city of Indianapolis, and more than one mile from the corporate limits of said city; that the board of public works of the city of Indianapolis adopted *two* separate declaratory resolutions for the improvements of said streets, the one covering the portion of Hillside Avenue which it was proposed to improve, and the other covering Baltimore Avenue; that two separate agreements were entered into between the board of public works, and the board of commissioners of Marion county, the one covering the improvement of Hillside Avenue, and the other covering Baltimore Avenue; that the said city is proposing to make *one* issue of bonds to cover its

# ROUGH SKETCH
## *of*
## PLAT OF SURROUNDINGS

34TH STREET CITY LIMITS

AVENUE

AVENUE

PARK

FEET

30TH STREET

BALTIMORE

KEYSTONE

25TH STREET

6760 09

23RD STREET

AVENUE

BELT RAILROAD

HILLSIDE

1960.36 FEET

AVENUE

BLOYD LAWRENCE STREET FERNWAY

EET

PAVED
PROPOSED PAVEMENT

agreed proportion of the costs of said proposed improvements, and that Marion county is proposing to make *one* issue of bonds, in the sum of $62,000, to pay for its portion of the costs of said improvements, as agreed upon by said board of commissioners and said board of public works; that Baltimore Avenue is not paved or improved north of 34th Street; that the corporate line of the city of Indianapolis is the center of 34th street, for some distance east and west of Baltimore Avenue. There was also a finding that the appellants were taxpayers, as alleged in the complaint, and that the said city and county officials would, unless restrained, issue bonds for the purpose of financing said proposed improvements.

The act under which appellees are assuming to act in this matter provides (§2) as to the payment of the cost of such improvement, that the special benefit to be assessed against abutting property "shall not in any case be more than fifty per cent (50%) of the assessed valuation *for taxation* of any land or lots subject to be assessed therefor, excluding the improvements thereon." (Our italics.) It is provided in section three of said act that the residue of the cost of such improvement, over benefits assessed, shall be paid one-half (½) by such city and one-half (½) by such county. In the exercise of this power the city authorities and the county authorities are exercising a *taxing power,* a power that will not be extended by mere implication. When any corporate body attempts to exercise this power it must be able to point to statutory authority for so doing, and statutes giving such authority are strictly construed. *City of Frankfort* v. *State* (1891), 128 Ind. 438, 27 N. E. 1115; *Barber, etc., Co.* v. *Edgerton* (1890), 125 Ind. 445, 25 N. E. 436; *Buckingham* v. *Kerr* (1918), 68 Ind. App. 290, 120 N. E. 422.

The statute in question authorizes the improvement of certain streets therein designated as connecting highways. The act only applies to streets in cities of the first class, and the street, under the clear wording of the act, which may be so improved, must be a street which connects with a hard surface public highway beyond the corporate limits of the city, or which extends or continues as a hard surface public highway beyond the corporate limits of such city into the county in which such city is located. If Hillside Avenue, north of 34th Street (which portion of said street it seems is also sometimes called Baltimore Avenue), were an improved "hard surface public highway" (which the court specifically finds it is not), there might be some ground for contending that the said proposed improvement was one authorized by statute, *as to Baltimore Avenue.* The statute authorizes the improvement of *a street,* it being of the character designated, NOT STREETS. Here, they are undertaking to improve TWO streets; the city board of public works adopted separate declaratory resolutions as to each street but now they are proposing to combine the said improvements and issue bonds to cover the cost thereof as if it were all one street improvement.

As Hillside Avenue (or Baltimore Avenue) north of 34th Street is not an improved public highway, and is not therefore available to the appellees, they are proposing to try to make 34th Street answer for such "connecting highway." This will not do; said street is in no proper sense an extension of Baltimore Avenue. If it could be treated as such *extension* then, in cities of the first class, all that would be necessary for the public authorities of such cities to do would be to so extend the corporate limits of such city as to make an improved hard surface highway the corporate boundary thereof, possibly on all sides, and then proceed to improve each

and all cross streets of such city under the provisions of said act, compelling the county to pay one-half of the cost thereof over benefits assessed against abutting property, a result certainly which the legislature never contemplated.

Also, the statute in question provides in section one thereof, "that the cost of improving any *street;*" and in section two thereof it provides that whenever the board of public works in any city of the first class desires to improve, with any one of the kinds of modern pavement, any *street* or public highway in such city, it shall adopt a preliminary resolution, etc. (Our italics.) The words used are "street" or "highway," not streets or highways.

In this case the appellees were proposing to make one issue of bonds to cover the improvement on two streets, Hillside Avenue and Baltimore Avenue, as though the entire matter had been one proceeding, and all duly authorized by said act, Baltimore Avenue being the supposed essential one, as it connected with 34th Street, an improved hard surface highway. If the authorities can, under the guise that it is one improvement, "tack on" to the Baltimore Avenue improvement, the Hillside Avenue improvement, and thus extend the provisions of the statute one step, why may they not, with equal propriety and right, "tack on" a portion of still another street, and another, and thus extend the proposed improvement entirely across the city, using such portions of such streets as they may deem expedient? The case of *Arnold* v. *Cambridge* (1871), 106 Mass. 352, which case has been cited with approval by the supreme court of Illinois in the case of *People ex rel.* v. *Latham* (1903), 203 Ill. 9, 67 N. E. 403, covers a situation almost the exact counterpart of the case at bar. In that case the court said: "The sole authority under which the mayor and the aldermen of

Cambridge have the right to assess landowners with any part of the expense incurred in the construction of sidewalks is given by statute, . . . and must, of course, be exercised in strict conformity with the terms of the statute. It provides that, whenever they shall deem it expedient to construct sidewalks in any street of said city. . . ." The authorities of Cambridge had undertaken, as one project, to build a sidewalk from Harvard Square to the end of the bridge connecting Boston and Cambridge; it was a continuous sidewalk but part of it was in Harvard Street and part in Main Street. In passing upon the matter the court said: "But. Harvard Street and Main Street are two entirely distinct and separate highways, which, although they unite at one point, yet form two lines of travel nearly parallel to each other for about two miles. We do not think that the statute was intended to give to the mayor and aldermen the power to include sidewalks in two different streets in one single assessment. If two streets may be so assessed, it is difficult to see why three or more may not be included in one single assessment, or why all the sidewalks in the city may not be included in one comprehensive assessment."

We concur in the views above expressed and hold that the authorities, county and city, were acting without authority of law as to said proposed bond issue sought to be enjoined; that the trial court erred in its conclusions of law, and that the judgment entered thereon is erroneous. This cause is therefore reversed with directions to the trial court to restate its conclusions of law in harmony with this opinion and to enter its decree permanently enjoining the appellees from issuing, severally, the bonds of said county and city to procure funds with which to pay for said proposed improvements.

Dausman, J., absent.