CITY OF BLOOMINGTON *v.* McDANIEL ET AL.

[No. 13,487. Filed October 10, 1929. Rehearing denied December 4, 1929. Transfer denied March 12, 1931.]

*James B. Wilson* and *Fred M. Wilson*, for appellant. *Regester & Regester* and *Edwin Corr*, for appellees.

NICHOLS, J.—Action by appellee bank, in which it seeks to recover of appellee McDaniel $198.67 on account of a certain assessment made by appellant city for local and district sewers therein, $182.98 of which was for local sewer and balance for district sewer, said bank making such claim as assignee of the contractor who put in the sewers, and praying judgment for $225; that the same be decreed to be a lien on the lot assessed and that said bank have judgment against said city for $182.98 in case said assessment was illegal. Appellee McDaniel was the owner of the lot so assessed, and filed

cross-complaint against appellant, his codefendant, by which he, as cross-complainant, avers that, by the resolution under which said sewers were constructed, the construction covered both a local sanitary sewer and a district sewer, said resolution defining a certain drainage area within which all real estate should be assessed as benefited for said district sewer; that said lot did not abut on any street or alley along which said local sewer ran and that it, therefore, was not subject to assessment as to benefits by a local sewer, but that it was assessed therefor $182.98; that it was liable for assessment for a district sewer and was so assessed for that purpose $15.69; that he had offered to pay the assessment for district sewer but that appellee bank refused to accept the same. Prayer that the assessment of $182.98 for local sewer be set aside and that his title to said lot be quieted as against the same.

Appellant's demurrers respectively to the complaint, appellee McDaniel's cross-complaint and to appellee McDaniel's second paragraph of answer of like import, were each overruled. Appellant answered the complaint and the cross-complaint respectively in two paragraphs, denial and by second affirmative paragraphs, to which answers demurrers were respectively overruled. The case was therefore tried upon the facts as averred in the complaint, in the cross-complaint of appellee McDaniel, and in the second paragraph of answers to the complaint and the McDaniel cross-complaint respectively, and resulted in a finding for appellee bank against appellant for $197.54 and against appellee McDaniel for $21.94, on which judgment was rendered, and appellee McDaniel's title to the lot involved was quieted as against the assessment lien for the local sewer. From this judgment, this appeal, appellant assigning as error the court's action in overruling its demurrer to the complaint, its demurrer to the cross-complaint and its motion for a new trial.

The evidence consisted solely of a stipulation as to the facts which, so far as we need to set them out, are: That during the year 1925, the city of Bloomington, by its common council acting as the board of works of said city, adopted a resolution for the construction of a sewer, both local and district, on Jordan Avenue and Fourth Street, and did all things required to be done by law in such cases, including the giving of notices required; that it caused a map to be prepared showing the numbers of the lots abutting on said sewer and clearly showing that the lot involved did not abut upon the street upon and along which said sewer was to be and was constructed and said lot did not abut upon said sewer at any point; that the sewer was completed by the contractors and accepted by the city council on December 7, 1926; and, upon said acceptance, said council caused a primary assessment roll to be made out; that said primary assessment roll placed an assessment against said lot, which is now and for five years has been owned by appellee McDaniel, for said district sewer of $15.69 and for said local sewer of $182.98; that said lot does not abut on any part of any street in which said sewer was constructed, but is situated in the district drainage area as described in said resolution and ordered assessed for said sewer; that the hearing was set for January 7, 1927, and due notice given; that, at the time fixed for hearing, no remonstrance was filed by anyone against any of said assessments, and said common council, at said time, determining that said assessments as set out in said primary assessment roll were correct, sustained the same without modification, thereby duly confirming said preliminary assessment roll against all lots and parcels of land described therein, and did then decide that the special benefit by reason of the improvement of appellee McDaniel's lot by reason of said local and district sewer was $198.67 fixing $182.98 for local and $15.69 for dis-

trict sewer, and then delivered said assessment roll to the department of finance; that appellee McDaniel did not, within 10 days after the completion of said assessment roll, nor at any other time thereafter, by written verified petition to the circuit court of Monroe County, in which said city of Bloomington is situated, nor to any other court, show or attempt to show that the assessment against his lot was excessive or that the same was not benefited by the same; that the contractors made a written assignment of all sums due under their contract to appellee bank herein before the commencement of this action; that none of said assessment has been paid and appellee McDaniel did not sign a waiver of error; that this action, after due notice, was begun March 28, 1927; that said common council, by its said resolutions and assessment roll determined that $5,712.18 was the amount of assessments which should be made for said district sewer, and $2,061.22 was the amount that should be assessed for said local sewer against abutting property; that assessments were made for a local sewer against abutting property of $1,783.24 only, but a further assessment of $182.98 for local sewer for property not abutting on said local sewer was made; that appellee McDaniel had no actual knowledge that the assessment for a local sewer had been made against his lot as abutting property until more than 10 days after the confirmation of the final assessment roll; that, on May 20, 1927, appellee McDaniel, before filing his cross-complaint, offered to pay appellee bank all of the amount assessed against his said lot for district sewer, together with six per cent interest, but such bank refused to accept the same, and appellee McDaniel then paid the same into court for appellee bank, being the sum of $16.01.

Appellant contends that when a local or district sewer is constructed by the assessment of the property bene-

fited, and proceedings have passed the approval of the assessment roll and delivery to the department of finance, as here, the city council has no further power or duty concerning the same, is in no way chargeable concerning such proceedings, and that such proceedings create neither moral nor legal obligation on the city to pay anything except as it may sell bonds and collect the money, and no such liability is claimed here, further claiming that the decision of the board as to benefits is final and conclusive on all parties, citing §10448 Burns 1926. If we were dealing with an erroneous assessment, there would be merit in appellant's contention, but here it is claimed that the assessment is absolutely void. It appears, both by averment and stipulation, that appellee's lot here involved did not abut on the sewer, nor on the street on and over which the sewer was constructed. Under the statute, it is only abutting property that may be assessed for a local sewer. §10566 *et seq.* Burns 1926. There being no authority of law for assessing property that does not abut, it must be held that the attempted assessment here involved was wholly invalid and not enforceable. *Southern R. Co.* v. *City of Huntingburgh* (1924), 81 Ind. App. 279, 143 N. E. 294; *City of Bluffton* v. *Miller* (1904), 33 Ind. App. 521, 70 N. E. 989; *Prevo* v. *City of Hammond* (1917), 186 Ind. 612, 116 N. E. 584, 117 N. E. 642; *Buckingham* v. *Kerr, Treas.* (1918), 68 Ind. App. 290, 120 N. E. 422; *New York, etc., R. Co.* v. *Town of Mentone* (1923), 79 Ind. App. 589, 139 N. E. 152; *Wilt* v. *Bueter, Treas.* (1916), 186 Ind. 98, 111 N. E. 926, 115 N. E. 49; *City of Frankfort* v. *State, ex rel.* (1891), 128 Ind. 438, 27 N. E. 1115.

The provision of §10448, *supra*, that the decision of the board as to benefits shall be final and conclusive on all the parties, applies, of course, to cases where there is jurisdiction of both the parties and the subject-matter.

Here, there was no jurisdiction of the subject-matter, that is, right to assess nonabutting property. There was no acquiescence, or standing by involved, for it appears by the stipulation of facts, that appellee McDaniel did not know that the assessment had been made against his property until too late to remonstrate, even if he had been required so to do.

Appellant's contention that it is not liable to appellee bank for the $182.98 and interest cannot prevail. The assessment for this amount being void, there was a difference between the amount of the assessments and the contract price of $182.98. The authorities relied on by appellant are not in point. They were decided before §111 of the Municipal Corporations Act as amended in 1909, Acts 1909 p. 412, §10449 Burns 1926. By that section as amended, it is expressly provided that "any difference between the amount assessed and the contract price shall be paid by said city in cash out of its general fund."

The court did not err in its rulings.

Affirmed.